### GEORGE E. MANN v. STATE OF TEXAS.

Delivered May 23, 1898.

**Fraud in Assessing Property—Equitable Defense.**

In a suit by the State to recover delinquent taxes, an answer which seeks, on the ground of fraud, to annul and set aside the action of the board of equalization in raising the assessed value of the property, is an equitable defense in the nature of a direct proceeding by cross action, and may properly be pleaded under our blended system of law and equity jurisprudence.

APPEAL from Knox. Tried below before Hon. S. I. NEWTON.

*Matlock, Cowan & Burney* and *Stevens & Chase*, for appellant.

*D. A. Holman, J. M. Morgan*, and *R. S. Holman*, for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was filed by the State of Texas against appellant George E. Mann, in the District Court of Knox County, to recover the sum of $1303.56, which is alleged to be due to the State of Texas and county of Knox for State, county, and school taxes assessed against him for the year 1896, and interest thereon according to the law of 1895, providing for the collection of delinquent taxes. Acts 1895, p. 50. The taxes were assessed against sixteen tracts of land, amounting to 34,674 acres, situated in Knox County, and which appellant had listed with the assessor of taxes at $2 per acre, amounting to $69,348, and at which valuation the amount of taxes due thereon was $885.34, but, upon notice to Mann, the commissioners court of said county, sitting as a board of equalization, raised the valuation thereof to $114,748, which resulted in increasing his taxes on said lands for that year $418.22.

The answer of Mann shows, in effect, that he appeared by his agent

before the board at the time and place fixed by it, and introduced evidence as to the value of the land on January 1, 1896, the date fixed by law for assessment, and proved that $2 per acre was its fair and full market value for cash, and was even more than it could be sold for, and that no evidence was offered conflicting with this testimony; that the members of said board well knew that the fair market value of said lands was not more than $2 per acre, but that, acting through a fraudulent motive, and in pursuance of a policy adopted by them in order to increase the revenues of the county so that they would cover the current expenses thereof, the said commissioners willfully, knowingly, arbitrarily, and fraudulently raised the valuation of his said lands and the several tracts thereof from 50 to 100 per cent more than their fair market value as listed by him, while they knowingly, and in order to compel land owners to pay more than their just proportion of the taxes, allowed the personal property of the taxpayers of the county to be assessed for taxation at greatly less than its fair market value, thus producing an unjust and unlawful discrimination against land owners; and prayed that the order and judgment of the board raising the valuation of the lands be set aside and canceled.

A demurrer was sustained to this answer, interposed upon the grounds that the action of the board of equalization in raising the value of the lands was final, conclusive, and not subject to revision by the district or any other court; that the district court was without jurisdiction to inquire into the matters and things thus pleaded; and that the same is a "collateral attack upon the solemn judgment of a court of competent jurisdiction, and not by direct proceeding."

In the case of Johnson v. Holland, 43 Southwestern Reporter, 71, we held that by a direct proceeding in the district court instituted, as in that case, to set aside the order of the board of equalization, wherein it had, as alleged, arbitrarily and fraudulently raised the value of lands for taxation above their fair market value, the complainant might perpetually enjoin the enforcement of such order or cancel and annul the same and set it aside. We can see no difference in the merits of that case and of this. Johnson in that case brought his suit to cancel and annul the order as soon as it was made, and before its enforcement was attempted, while here the appellant was content to await the action of the State to recover on the judgment and enforce the lien given by the statute, before setting up the nullity of the order.

In the Johnson case the county judge, and each of the county commissioners, the tax collector, and the county as well, were made parties defendant to the suit, probably because it was considered proper to include the judge, commissioners, and collector against whom an injunction was prayed compelling them to accept the true amount of taxes tendered, and restraining and enjoining them and each of them from enforcing said order. But here the State brings a suit to recover judgment for the amount of taxes claimed to be due by reason of this alleged arbitrary order of the board, and to enforce the lien on the land given by the

statute. This suit is given by the statute in cases where the valuation of the property has been raised by the board, just the same as where it has not been so raised; and the statute provides that the State may bring the suit to recover the taxes due to the county as well as those to itself. The county then, we think, is in legal effect a party to the suit in the name of the State, and will be bound by any judgment rendered therein. So we conclude that all the parties interested in the case as heard and determined by the board of equalization when the order raising the valuation was made and entered are now in court and fully represented by the parties to this suit, and the defendant's answer being in the nature of a cross-action to annul and set aside the order of the board for fraud, is the same in the consideration of a court of equity as a petition would be in a direct proceeding. Railway v. Moore, 32 S. W. Rep., 379.

In this State, as in the State of New York, it seems, our courts administer a system of jurisprudence wherein law and equity are blended. So that the distinctions between law and equity become unimportant, so far as questions of jurisdiction of the court over the matter pleaded is concerned. In other words, a party to a suit in any court here, whether formerly classed as one of law or of equity, may plead any matter as cause of action or by way of defense or in replication which could formerly have been pleaded either in a court of law or in a court of equity, or may unite in the same pleading legal and equitable defenses and pleas. By reason of this blended system, the Court of Appeals of New York have held that a judgment entry, where suit is brought thereon, may be shown to have been made and obtained by collusion and fraud. Judge Folger, in delivering the opinion of the court, said: "The court acts upon the matters involved in the action, now in a double capacity, as a court of law and one of equity. As a court of equity it meets the question of the validity of the judgment, not as one of law, but as of equity, and takes hold of the facts offered to it, not as a collateral attack upon the judgment, but as a direct assault, which by the changing nature of the issues in the progress of the suit and trial has become the main question in the case and legitimately before it for trial. * * * Whether fraud or imposition in the entry of a judicial matter of record could before that enactment have been set up against it collaterally, at law or not, it may now be alleged against it as an equitable defense to defeat a recovery upon it." Mandeville v. Reynolds, 68 N. Y., 544; Dobson v. Pearce, 12 N. Y., 156.

We are therefore of opinion that, as the answer in this case seeks to annul and set aside the order of the board of equalization on the ground of fraud, it is in the nature of a direct proceeding by cross-action, and that the matter was properly pleaded and the demurrer thereto ought to have been overruled; and because the court sustained the demurrer to this part of the answer, the judgment is reversed and the cause remanded.

*Reversed and remanded.*