## UNION INDEPENDENT SCHOOL DIST. v. SAWYER. (No. 2249.)

(Court of Civil Appeals of Texas. Amarillo. March 5, 1924. Rehearing Denied March 19, 1924.)

1. **Taxation ⬦⟹500—Slight excess in valuation will not defeat tax levy in absence of fraud or discrimination.**

While excessive valuation may raise a presumption of fraud and violate constitutional requirement as to equality and uniformity of taxation, a slight excess in valuation will not be permitted to defeat a tax levy, in the absence of fraud or discrimination.

2. **Taxation ⬦⟹500—Uniform valuation and assessment of land of unequal value will not be set aside in absence of unreasonable tax.**

If taxes upon an owner's land within a certain zone were uniform and equal, the fact that some of the land was of greater value than other land so taxed would not authorize a court to hold the valuation and assessment illegal, in the absence of a showing that the land of less value was taxed beyond its reasonable cash market value.

3. **Schools and school districts ⬦⟹103(4) — Duty of school trustees in levying tax to ascertain cost of operation of school and assess valuation accordingly.**

It was the duty of school trustees to make their estimate, and establish a budget before incurring expenses in the operating of the school, and to levy taxes at a valuation of the property in the school district which would bring in the necessary money to meet the expenses, and their action in so doing was not illegal where the valuation was not excessive.

4. **Schools and school districts ⬦⟹68 — School trustees held not empowered to bind school district by agreement with landowner to build schoolhouse near his land.**

School trustees as such could not bind the school district by an agreement with a landowner that, if he would let certain sections of his land go into and be included within the boundaries of the school district, they would build a schoolhouse on or near his land; their duty being a public one requiring them to build schoolhouses to best serve the interests of the public who patronize them.

5. **Schools and school districts ⬦⟹106—In suit to collect taxes, evidence held not to sustain defense of excessive valuation or discrimination.**

In a suit by a school district to collect taxes, evidence held insufficient to sustain defense of excessive valuation or discrimination as between different tracts of land.

Appeal from District Court, Terry County; Clark M. Mullican, Judge.

Suit by Union Independent School District against M. B. Sawyer. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

G. E. Lockhart, of Tahoka, for appellant. George W. Neill, of Brownfield, and Spencer & Randal, of Lubbock, for appellee.

RANDOLPH, J. Appellant filed suit against appellee in the district court of Terry county, Tex., to recover the sum of $974.40, alleged to be due and owing by him to appellant for the year 1921, as taxes for that year, upon certain lands of appellee, lying within the bounds of said district, and for the sum of $1,376, likewise due for taxes upon said land for the year 1922, together with 6 per cent. interest and 10 per cent. penalty on each of said sums, and for a foreclosure of its tax lien securing same upon said described land.

Appellee filed his answer and set up: (1) That plaintiff (appellant) was not entitled to recover the amount sued for because said sum is based upon a valuation greater than the reasonable cash market value of the land at the time of the rendition and is an ex-

cessive valuation and was assessed by plaintiff at a sum in excess of that provided by law in such cases and is not an equal and uniform valuation with other property in said district; (2) that said valuation as fixed by plaintiff's board was not fixed in accordance with and as provided by law, but was so fixed arbitrarily and fraudulently, in that it was not fixed according to the evidence produced before said board; (3) defendant tenders into court the taxes on all his property at the rate fixed by the board, but at the reasonable cash market value of said land at time of rendition, as alleged to have been shown by the evidence produced before the board; (4) defendant also alleges fraud and deceit in the manner of the taking of his land into the boundaries of the district, in that plaintiff agreed with and promised defendant that if he would add said land to the district the trustees would erect a schoolhouse on or near said land, which they have entirely failed to do.

The case was tried before the court without the intervention of a jury, and the court rendered a general judgment that the plaintiff take nothing by its suit. There are no findings of fact or conclusions of law filed by the trial court, but the case is before us on a statement of facts.

The trial court having filed no conclusions of law, we can only determine the grounds upon which he rendered his judgment by considering the whole case upon the facts and the law applicable thereto.

Appellant's main contention in the case is that the trial court should not have rendered judgment in favor of appellee upon his plea that the taxes were levied upon his land at a valuation greater than the reasonable cash value of the land at the time of the rendition, and that such question could not be raised in the absence of a plea of discrimination.

[1] Excessive valuation may exist to such extent as to raise a presumption of fraud and would thus be a violation of the constitutional requirement that all taxation shall be equal and uniform. Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 72. But it does not necessarily follow that a slight excess in valuation, in the absence of fraud or discrimination, will be permitted to defeat a tax levy. In this case the evidence, in the first place, fails to show an excessive assessment. It is true that appellee, in his testimony, attempts to show that his land was excessively valued; but his testimony, as a whole, shows that the value placed upon such land was not greater than the value he placed on it for sale, or was not greater than the value he actually received in the sale of some of it.

[2] The question is also presented that the value of some of the land was greater than that of the other of appellee's land, but the evidence nowhere discloses between what sections of land this difference existed. We are not informed by the evidence which particular sections were good land and entitled to the high valuation, and which were not so good and entitled to a lower valuation. There is no such proof as to enable the trial court or this court to determine upon what tracts of land there was an excessive valuation, or a discrimination between tracts. Again, if the taxes upon all of the land belonging to appellee within a certain zone were uniformly and equally taxed, the fact that some of it was of greater value than other land of his so taxed would not authorize the court to hold such valuation and assessment illegal, where it does not appear that the land of less value was taxed beyond its reasonable cash market value. If the taxes were levied upon the whole body of land, without reference to whether it was good, bad, or indifferent, appellee would benefit by the lower valuation placed upon his land having the greatest value, and this would, as to his taxes, equalize them; the valuation of the bad land being placed at or below its actual market value. The evidence does not disclose that any of appellee's land was valued for taxation purposes at more than its actual cash value.

[3] Appellee complains that the trustees first estimated the amount of money that would be needed for the support and operation of the school, and then arbitrarily placed the valuation of all the land in the district at such a sum as would bring in the necessary money to meet same, and therefore their acts in levying and assessing such taxes were void.

We cannot agree that such conduct in this case was reprehensible. It was the duty of the trustees to make their estimate, to establish a budget, and to count the cost before incurring the expenses in the operation of the school. It was their duty to levy such taxes at a valuation of the property in the district as would bring in only the necessary money to meet the expenses. We have authority for this proposition that the cost must be counted in advance. Verses 28, 29, 30, 14th chapter of St. Luke.

If in estimating the amount of money necessary to run the school business the trustees had found they would only need a sum that would justify a valuation way below the reasonable cash market value and should have placed a very low valuation on the property, certainly no reasonable man could or would protest.

The cases cited by appellee do not controvert what we have said, but we do think that they establish that there must be an element of fraud in arriving at the valuation, and that an excessive valuation is only evidence of fraud to that extent, and that a slight excess in valuation will not cause the

courts to impute fraud in the action of the trustees.

In Johnson v. Holland, 17 Tex. Civ. App. 212, 43 S. W. 72, the Court of Civil Appeals lays down the rule:

"That where the board of equalization, in raising or fixing the value of property, acts from corrupt or fraudulent motives, and in violation of the laws of the state, whether constitutional or statutory, their acts are voidable at the suit of the party aggrieved, and that the courts of the state having jurisdiction over the amount involved and the subject matter may, in a proper case, declare such acts to be void. * * * *"

And further that court said:

"To arbitrarily value one person's property for taxation at largely more than it is worth, while another's, subject to the same rate of taxation, is placed at greatly less than its value, is a clear violation of our constitution, because the tax in such a case is not equal and uniform, and the property of the county is not taxed in proportion to its value."

In that case the value of the land was raised from $44,740 to $66,960, and the valuation of the town lots raised from $2,796 to $14,196, and the court, holding this grossly excessive, held that it was a clear attempt on the part of the board to go beyond its jurisdiction, that is, to fix the valuations as provided by law, and say:

"But whenever the board undertakes to go beyond its jurisdiction, or to fix valuations, through prejudice or a reckless disregard of duty, in opposition to what must necessarily be the judgment of all persons of reflection, it is the duty of the courts to interfere and protect taxpayers against the consequences of its acts. Where its jurisdiction is conceded, no mere difference of opinion as to the reasonableness of its valuations will justify equitable interference; but its valuation must be the result of honest judgment, and not of mere will."

And further in that case, quoting from the case of Hotel Co. v. Lieb, 83 Ill. 609, as follows:

" 'Where, however, the valuation is so grossly out of the way as to show that the assessor could not have been honest in his valuation— must reasonably have known that it was excessive—it is accepted as evidence of a fraud upon his part against the tax payer, and the court will interpose.' * * * If, however, the board errs in honest judgment, under our statute, there is no appeal from its decision.· Its conclusion is final, and not subject to revision by any court."

In this case the evidence discloses that the valuation placed by the board was not excessive. M. V. Brownfield, who is disclosed by the record to be a large landowner in the district, and who testified for appellee, says:

"I would say that the Sawyer land, on a cash basis, was worth from $10 to $15 an acre. I would place some of it worth more than others. Some pieces of it is better land than others. Some of it I do not think would be worth over $10 an acre, while other pieces may be worth $15 an acre, and there might be some quarters of it worth more than that."

Other witnesses testifying for appellant valued the land of appellee at from $15 to $25 per acre.

In the case of Brown v. Bank (Tex. Civ. App.) 175 S. W. 1122, it appears that the property in general was assessed at 50 per cent. of its value, while that of the bank was taxed at from 65 to 83 per cent. of its value, and the court held this to be a discrimination against the banks.

The case of Lively v. M., K. & T. Ry. Co., 102 Tex. 545, 120 S. W. 852, involved the question of the valuation of intangible assets by the state board, and the court held that the county assessor and board of equalization of the county could not interfere with the assessment made by the state board of such intangible assets, but also held that where the property of an individual in a county was assessed at 66⅔ per cent. of its real value in accordance with a deliberately adopted policy, an assessment of the intangible assets of a railroad company apportioned to that county at full value constituted a violation of the Constitution.

Porter v. Langley (Tex. Civ. App.) 155 S. W. 1042, is to the same effect.

In Power v. Andrews (Tex. Civ. App.) 253 S. W. 870, where there was an arbitrary assessment of property for three times its value, it was held grossly excessive and violative of the Constitution, art. 8, § 1, and that this gross excess rendered it so, even though freed from fraud.

[4] The trustees, as public officials, had no right, if they did so, to enter into an agreement with appellee that if he would let 16 sections of his land go into and be included within the boundaries of the school district, they would build a schoolhouse on or near his land. They could not bind the district by any such agreement. Theirs was a public duty, and they are required to build such schoolhouses as to best serve the interests of the public who patronize them.

[5] We therefore hold that the evidence showed there was no excessive valuation, that no discrimination is shown, and that the appellee failed to establish his charge that there was a discrimination as between his different tracts of land; and we order the judgment of the trial court reversed and remanded for a new trial.