## GUYLER v. WALLIS INDEPENDENT SCHOOL DIST. (No. 9205.)

Court of Civil Appeals of Texas. Galveston.
Dec. 21, 1928.

Rehearing Denied Jan. 24, 1929.

Searcy & Hodde, of Brenham, for appellant.
Fred L. Blundell, of Lockhart, and J. Lee Dittert, of Bellville, for appellee.

GRAVES, J. This was a suit by the Wallis independent school district against R. W. Guyler for delinquent taxes claimed to be due for the year 1926 on property belonging to him, situated in the district, and for a foreclosure of the tax lien thereon.

Guyler answered by way of general demurrer, general denial, and specially alleged that the board of equalization and the assessor for the school district had willfully and arbitrarily refused to tax other property in the district, and had willfully and arbitrarily fixed the valuation of his property in excess of its real market value, as well as its true intrinsic worth, without having heard any evidence before the board of equalization; that the board, in fixing the value, had discriminated against him.

The school district, by sworn supplemental petition, after a general demurrer and general denial, further replied by averring that the values as fixed by the equalization board upon Guyler's property represented the honest judgment, conclusion, and opinion of the board, based upon the evidence and testimony heard and submitted before it as to the market and assessable value of his property; that the board did hear evidence for the purpose, and that the resulting values fixed upon Guyler's property were not in excess of the market value thereof; that the values so fixed on Guyler's property were fixed in the same manner and on the same basis of value that was applied and fixed by the board upon all of the property in the school district, that is, on the same percentage and pro rata valuation as was used on all other property of all kinds in the school district; the district also denied that, in making up the tax rolls and assessing the property therein for that year, it had wilfully and unlawfully refused to include and assess any property situated in such school district, and specially disclaimed either that Guyler's property, or any part of the same, was assessed at any proportionately greater market value, or true intrinsic worth, than any other property in the district, or that the assessment and values placed on any part of it had been arbitrarily made without reference to its real or market value.

A jury being waived, the court, after hearing the evidence, rendered judgment for the independent school district for the claimed amount of taxes, penalty, and interest, as well as for foreclosure of the tax lien.

From that adverse judgment this appeal proceeds.

Appellant in this court, through a number of assignments and propositions, contends that his constitutional and statutory rights were denied below, in that:

(1) The school district, the great bulk of which lay in Austin county, did not assess for taxes for the year involved about 1,250 acres of it—annexed in 1918—that lay in Ft. Bend county, thereby unjustly and illegally entailing a greater levy upon his own property, all of which was in Austin county, than would otherwise have been made.

(2) Appellee's board of equalization, having neither heard any evidence touching the value of his property nor known anything about it themselves, arbitrarily substituted their own idea as to its value for that placed upon it by him, and in so doing unfairly and improperly not only placed an excessive and illegal value thereon, but likewise discriminated against him by putting a higher value upon his than on that of others.

(3) The board of equalization, although by law a quasi judicial body, having the duty to themselves fix the value they find to be fair upon the property, in fact abdicated their functions and left the district assessor to do this work.

(4) The equalization board attempted to raise the value of appellant's property for assessment purposes to what they thought was 100 per cent. of its real value, without hearing any evidence by which its actual value could be properly determined, and thereby placed an excessive, illegal, and confiscatory value upon it.

After a careful examination of the record and statement of facts, we conclude that none of these presentments can be sustained. The judgment recites:

"And it further appearing to the Court that all things, acts, and conditions and requisites necessary to be done by law by plaintiff and plaintiff's officers and its Equalization Board and officers, in levying, assessing, rendering, listing, equalizing, reporting, and compiling the delinquency of said taxes, penalties, interest and costs, have been duly and legally done; and that plaintiff is entitled to judgment for the amounts of her taxes, penalties, interest and all costs by virtue of the premises."

■ These findings of the trial court are not impeached by the testimony cited by appellant; it is true that the 1,250 acres of the school district's lands that had in 1918 been added by extending its boundaries into Ft. Bend county were admittedly not assessed for the year 1926, but the omission was undisputedly shown to have been the result, at most, of inadvertence upon the assessor's part—not that "the school trustees willfully and unlawfully refused to include and assess as property belonging to said district the 1254 acres," as appellant charged, the assessor's uncontroverted testimony concerning it being:

"I did not assess for taxes any property for school purposes in this District, situated in Ft. Bend County. I did not have any instructions from the Board of Trustees with reference to where to stop when I was assessing the property; I just understood the County line was the School District that I should assess on."

The mere omission in such circumstances of a relatively small portion of the land in the district from the 1926 assessment as made by the district's trustees, and then equalized by its board of equalization, did not make it void, as, under R. S. 1925, art. 7207, the assessor might add it at any time on discovering that it had not been assessed.

■ Furthermore, the appellee denied under oath that it had, as charged, willfully, purposely, arbitrarily, and unlawfully refused or neglected to assess any property in the district for taxes; the burden was also upon appellant to establish that affirmative averment, which he wholly failed to do. Rowland v. City of Tyler (Tex. Com. App.) 5 S. W.(2d) 756; Druesdow v. Baker (Tex. Com. App.) 229 S. W. 493; Allen v. Emery Independent School Dist. (Tex. Civ. App.) 283 S. W. 674; Union Independent School Dist. v. Sawyer (Tex. Civ. App.) 259 S. W. 637; Brundrett v. Lucas (Tex. Civ. App.) 194 S. W. 618; Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71.

■ The claim that an arbitrary, excessive, unfair, illegal, or discriminatory value was placed by the board of equalization upon appellant's property is equally unsustained by the evidence; it is shown that, after he had rendered his property for taxation by the school district for that year at a total valuation of $4,650, he was notified in writing to appear before its equalization board, which had found it necessary to raise all the property of the district for 1926 from the 60 per cent. assessment basis theretofore prevailing to a 100 per cent., or full market-value, basis, to show cause why the valuation he had given should not be so raised, along with those upon all other assessments; at the time and place designated he appeared and testified before the board, seeking to prevent any increase upon his own rendition, but the equalization board, after hearing his testimony, and considering also his sworn rendition sheet, along with other evidence, such as the figures rendered to the assessor for 1925, in keeping with its stated policy for that year as to all valuations in the school district, raised his total assessment from the $4,650 as given by him to the final sum of $7,666.66.

While appellant protested to the board against this increase, telling them he "would not stand the raise," the president of that board thus testified upon this trial as to what occurred before the board when they were considering the equalization of his rendition:

"He testified before the Board in response to our questions with reference to the value of the property, which he had rendered for taxes. I asked him what he considered the value of his property was, and he told me Seven Thousand Five Hundred Dollars ($7,500.00). My recollection is that the Board finally fixed his five and a half (5½) acres of property at $6.666.67. As to why it was that we were willing to accept the statement of the Bank representatives as to the value of the Bank, and would not take Mr. Guyler's as to his property—I accepted Mr. Guyler's valuation and thought it was a little high,

and the Board reduced it. Mr. Guyler said at the time that this appraisement was put on it, and I made a notation on the slip that I returned to the Assessor and Collector, that he would not stand the raise. I say that he did put a valuation on it, though; his valuation was Seven Thousand Five Hundred Dollars ($7,500.00). We had before us the figures rendered to the Assessor for the previous year."

The tax assessor of this district added to his testimony that appellant's inventory and assessment of $4,650, as so sworn to by himself, had been made upon a basis of 60 per cent. of the true value, saying in that connection:

"At the time he rendered that, he was assessing sixty per cent of the true value. He gave me that rendition, and that is the sheet that he signed and gave me; that is the original. I told Mr. Guyler when he rendered his property to render it on a sixty per cent basis of its value, because the Board had told me to assess on the 60 per cent valuation. I am sure that I told Mr. Guyler that the Board had told me to assess on a 60 per cent valuation."

The appellant himself, when catechized about these matters on cross-examination during this trial, declined to deny that he had so testified, his statement being:

"I don't think that Mr. Thomas asked me what the market value of the property was and that I told him Seventy Five Hundred Dollars ($7,500.00), but that was not any of the Board's business. I will not swear that I did not tell him that, but I want to state here, if.it is permissible, that my property was assessed on the first of January for all of 1926." "I will not swear that I did not tell the Board of Equalization that my property was worth a market value of Seventy Five Hundred Dollars.

"Q. You won't swear that you did not tell them that the market value was Seventy Five Hundred Dollars, ($7,500.00)? A. No, sir."

This testimony, if true, and the trial court was not without the privilege of so accepting it, would seem to indicate that appellant has more nearly shown himself to be aggrieved at the school board's new general policy for the year 1926 of assessing all property in the district at 100 per cent. of its true value than over any unfair, illegal, or discriminatory valuations upon his individual holdings.

Without here detailing the testimony upon the additional phases of the case, with reference to which other particular complaints are made—such as that higher values were placed on one man's property than another's, that no evidence was heard as to any, that the equalization board did not themselves make but delegated the making of the assessments to the assessor, and that the general 100 per cent policy had been applied without hearing evidence as to the real value of the property

affected—it is enough to say that the evidence was amply sufficient to sustain, if indeed it did not require, findings the other way as to each and all of them; both the president of the equalization board and the assessor of the district, in much detail and with the aid of their records, testified that all property owners in the district were treated alike; that, considering the differences in character and nature of the property, the same basis of valuation and assessment were made as to each; that in all instances the board itself made the equalization, and merely instructed the assessor to carry out its orders; and that it did in all cases hear evidence as to the values involved, and upon them all exercised its honest judgment in the assessment figures· fixed.

■ Since the evidence as a whole was plainly sufficient to support findings to this effect, in support of the judgment rendered, the trial court will be deemed to have made them, and that ends the case; it may be that some mistakes were shown, some slight inequalities developed, but fraud or its equivalent certainly was not—nothing but an honest effort to do what the law and the school board's changed policy of assessing at full value required.

In Rowland v. City of Tyler (Tex. Com. App.) 5 S.W.(2d) 756, it was held: "As a general rule, the decision of a Board of Equalization upon a particular assessment, in the absence of fraud or illegality, is conclusive. * * * Such valuation cannot be set aside merely upon a showing that the same is, in fact, excessive. If the Board fairly and honestly endeavors to reach a correct valuation, a mistake upon its part under such circumstances is not subject to review by the courts" —citing Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154; also Druesdow v. Baker (Tex. Com. App.) 229 S. W. 493.

In the Druesdow v. Baker Case, 229 S. W. 493, the Commission of Appeals said: "Such an attack cannot be justified in the absence of fraud, or something equivalent thereto. * * * No mere difference of opinion, as to the reasonableness of its valuations, when such valuations, though deemed erroneous, are the result of honest judgment, will warrant interference by the courts." Other authorities to the same effect are: Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154; Allen v. Emery Independent School Dist. (Tex. Civ. App.) 283 S. W. 674; Union Independent School Dist. v. Sawyer (Tex. Civ. App.) 259 S. W. 637; Brundrett v. Lucas (Tex. Civ. App.) 194 S. W. 617; Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71.

These conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.