## CITY OF WEST UNIVERSITY PLACE v. HOME MORTG. CO.
### No. 10145.

Court of Civil Appeals of Texas. Galveston.

May 9, 1934.

Rehearing Denied May 24, 1934.

Robt. L. Sonfield and Frank J. Winslow, both of Houston, for appellant.

Robert Ring and W. P. Hamblen, both of Houston, for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit, adopted by the appellee as being correct, is copied—substantially in full—from appellant's brief:

"Nature of the Suit.

"On July 20, 1932, the City of West University Place, a municipal corporation, located in Harris County, Texas, instituted this suit against Home Mortgage Company, a corporation, as defendant, for the recovery of certain delinquent ad valorem taxes alleged to be due by defendant to the city for the year 1931, and to foreclose tax lien on certain lots located in said city, on which said taxes were claimed as delinquent.

"Defendant answered by general demurrer, general denial, and then affirmatively alleged that the valuation placed on said property by the said city was far in excess of actual market-value, and was so exorbitant and excessive as to constitute fraud. It is further alleged that there existed a scheme in the City of West University Place during the years 1930 and 1931 'by which it was the purpose of said taxing-authorities and the City Council of the City of West University Place to assess land at 100% of its full value, and in most instances, greatly in excess of its full value, improvements on land at 25% of their full value, and no attempt was made to assess and collect taxes on personal property of any description; that said plan is contrary to section 1, article 8, of the Constitution of the State of Texas'; that, therefore, said taxes were not equal and uniform.

"Plaintiff filed a supplemental petition in answer to defendant's answer, containing a general demurrer, general denial, and further answering that defendant is precluded and estopped from raising the defenses alleged in its answer for the reasons that same constitutes a collateral attack on a judgment or finding of the Board of Equalization of the City of West University Place, same being quasi-judicial in its nature and the action of said Board of Equalization being final; and

defendant is further precluded from raising the defenses set forth in its answer by the express terms and provisions of article 7329 of the 1925 Revised Statutes of Texas.

### "Result of the Suit.

"The suit was tried in the 113th Judicial District Court of Harris County, Texas, on November 3, 1933. The trial proceeded intermittently until January 10, 1934. A jury was waived.

"On January 10, 1934, judgment was entered in this cause. The court found that defendant did not own lots 26 and 27 in block 3, College Court Place, addition to the City of West University Place. It is recited in the judgment that defendant assessed lots 1, 21, 24 and 25 in block 3, of said College Court Place addition, at the sum of $300.00 each, for taxes for the year 1931, and assessed lots 2, 5 and 6 in block 3 of said addition for taxes for the year 1931 at the sum of $265.00 each, and that 'the assessed valuation of said property for said year was a full, true, and actual value thereof.' The judgment further finds that the valuations fixed by the Board of Equalization of the City of West University Place for the year 1931 on said property were excessive, fraudulent, and arbitrary. The judgment accordingly decreed a recovery on behalf of the City of West University Place, based on the assessed valuation of the property as rendered by defendant, Home Mortgage Company; decreed a foreclosure of the tax-lien on each of said respective lots; awards 6% interest on the respective amounts of taxes due from date of the judgment; decrees that the said city recover no penalties and costs and no attorney's fees; and, further, taxes all costs of court against said city. To which action of the court and the judgment so rendered, plaintiff, City of West University Place, in open court objected and excepted and gave notice of appeal to the Court of Civil Appeals, for the First Supreme Judicial District of Texas at Galveston.

"On January 12, 1934, plaintiff requested findings of fact and conclusions of law.

"On February 9, 1934, findings of fact and conclusions of law were filed.

"On February 13, 1934, said city filed objections and exceptions to said findings of fact and conclusions of law. Said city also filed Bills of Exception numbered 1–10, inclusive, to said Findings of Fact and Conclusions of Law.

"On February 13, 1934, said city presented to the trial court certain additional findings of fact and conclusions of law with request that they also be found by the court, which were by the court refused, except the fourth requested-finding of fact, which was found as a fact by the court.

"On February 13, 1934, the trial court, by written order, refused said additional findings of fact and conclusions of law, except said additional-finding of fact number four, which was in said order decreed to constitute an additional finding of fact. To the action of the court in refusing said additional findings of fact and conclusions of law, said city, in open court, then and there objected and excepted.

"The City of West University Place, the appellant herein, being a municipal corporation, no appeal bond, or other security, is required of it to perfect its appeal.

"On February 5, 1934, said city filed application that certain original instruments be sent up to the Court of Civil Appeals.

"On February 5, 1934, the next above-described application to send certain original instruments to the Court of Civil Appeals was granted. Said original instruments are bound separately and constitute a part of the record in this cause.

"On February 10, 1934, statement of facts was filed with the Clerk of the District Court of Harris County, Texas. On February 13, 1934, said statement of facts was approved by the trial court.

"On February 27, 1934, the statement of facts, transcript, and also original instruments were filed in the Court of Civil Appeals for the First Supreme Judicial District of Texas at Galveston. This said cause is now pending on the docket of this honorable court for its determination."

The findings of fact and conclusions of law as filed, inclusive of additional finding No. 4, were these:

### "Findings of Fact and Conclusions of Law.

"1. The Court finds that the defendant does not own Lots 26 and 27 in Block 3, in College Court Place Addition to the City of West University Place, in Harris County, Texas, and did not own the same at the time this suit was filed.

"2. The Court finds that within the time required by law, the defendant, Home Mortgage Company, assessed and rendered for taxation, to the Tax Assessor and Collector of the City of West University Place, Lots 1, 21, 24, and 25 in Block 3 of said College Court Place Addition, to the City of West University Place, in Harris County, Texas, at the sum of $300.00 each, and assessed and rendered for taxation, to the Tax Assessor and Collector of the City

of West University Place, Lots 2, 5 and 9, in Block 3, of said addition, at the sum of $265.00 each, all covering the year 1931, and that the assessment as placed on said property by the defendant, Home Mortgage Company, and rendered to the Tax Assessor and Collector, was the full, true and actual value thereof.

"3. The Court finds that the defendant, Home Mortgage Company, and its legal representative, appeared before the Board and offered to give proof as to the full, true and actual value of said property, and said Board declined to hear any proof, although such proof was offered by the defendant, and that the defendant protested the action of the Board in increasing the assessments of said property, claiming that the assessments placed on said property by the Board of Equalization was excessive, arbitrary, and unfair and unjust.

"4. The Court finds that the Board of Equalization, without hearing any proof from the defendant as to the value of said property, increased the assessments of said lots, as follows: Lot 1 in Block 3 of said College Court Place Addition, to the sum of $550.00; Lot 2 in Block 3 of said addition to the sum of $500.00; Lot 5 in Block 3 of said addition to the sum of $500.00; Lot 9 in Block 3 of said addition to the sum of $500.00; Lot 21 in Block 3 of said addition to the –24– sum of $500.00; and lot 25 in Block 3 of said addition to the sum of $500.00.

"5. The Court finds that such increased values of said property was greatly in excess of the full, true and actual value thereof, and that the rendition of said property as made by the defendant was the true, full and actual value thereof, and that the increased assessment of said property was excessive and was made arbitrarily regardless of such full, true and actual value.

"6. The Court finds that the defendant, Home Mortgage Company, has at all times been ready, able and willing to pay to the plaintiff the taxes that would have been due on said property had the same been assessed at the full, true and actual value thereof as rendered by the defendant.

"7. The Court finds that the City Council and the Board of Equalization of the City of West University Place had adopted a general plan or scheme whereby land, as distinguished from improvements thereon, was assessed at a full, or greater than full, value and that improvements were assessed at 25% to 30% of their full value.

"8. The Court concludes that the action of the Board of Equalization of the City of West University Place in increasing the values of said properties largely in excess of the full, true and actual value thereof, was arbitrarily done and was in law a fraud on the rights of the defendant, Home Mortgage Company.

"1. The Court concludes that the plaintiff should not recover taxes based on such excessive, arbitrary and fraudulent assessments.

"2. The Court concludes that the adoption of the plan or scheme rendered any and all assessments, except those made by the defendant, void.

"3. The Court concludes that the plaintiff should recover taxes on said property based on the valuation placed thereon by the defendant, Home Mortgage Company, and that such amount should bear interest from the date of this judgment.

"Allen B. Hannay, Judge."

"Additional No. 4: That the City of West University Place had by proper ordinance and the fulfillment of all the necessary prerequisites adopted title 28 of the Revised Statutes, and had the legal right to levy ad valorem taxes in the maximum amount of $1.50 per $100.00 valuation of the property located within said city; that the tax levy for the year 1931 was $1.50 per $100.00 valuation of property, which was in the legal limit; that all prerequisites and requirements of law to be taken as a condition precedent to the validity of said taxes, and the bringing into existence of a tax-lien on the herein above described property, have been taken and performed within the time and in the manner required by law."

It is not deemed essential that the requested additional findings of either sort that were refused be here set out or detailed, under the view this court takes of the rights of the parties arising upon the other features of the record as presented.

While many others are elaborately and industriously presented by appellant's able counsel, we agree with the opposing brief in the conclusion that its appeal—in the main, at any rate—is based upon these general positions:

"First: That the action of the Board of Equalization in fixing the values of appellee's land is final and conclusive, and cannot be inquired into and is not subject to review by the district court.

"Second: That article 7329 of the Revised Statutes of 1925, which provides that there shall be no defense to a suit for the collection

of delinquent taxes, as provided for in this Chapter, except: (1) that the defendant was not the owner of the land at the 'time the suit was filed; (2) that the taxes sued for have been paid; or (3) that the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess, none of which were offered by appellee, interdicted the judgment rendered.

"Third: That there is a variance between the pleadings and the proof offered by appellee, in that he alleged the City Council arbitrarily and illegally placed excessive and extortionate values on his property, whereas he sought to prove that the Board of Equalization, who were not members of the Council, did so.

"Fourth: That there is no evidence competent and admissible in the record to sustain the Court's finding that the valuations as fixed by the Board of Equalization were excessive, and were made arbitrarily, regardless of the full, true, and actual values of the property."

After a careful examination of the record, inclusive of the statement of facts, it is the conclusion of this court that none of appellant's contentions should be sustained; there was not only sufficient competent evidence to sustain—if it did not compel—the court's findings not only that the valuations placed upon the property by the board of equalization were greatly in excess of its full, fair, and actual value, but, further, that it was done arbitrarily without regard to such actual value, and in conformity to a general plan or scheme whereby the land alone, as distinguished from the improvements thereon, was assessed at more than its full value, while the improvements were assessed at from 25 to 30 per cent. of their full value.

The learned trial court was correct, therefore, in its two appended holdings on the law applicable to this state of facts:

■ 1. That this evidence disclosed a situation beyond a mere difference of opinions as to the values of the property, to the extent that such assessments must be regarded as fraudulent and consequently beyond the power of the city authorities to make. Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71; City of Sweetwater v. Baird Dev. Co. (Tex.

Civ. App.) 203 S. W. 801; Brown v. First National Bank (Tex. Civ. App.) 175 S. W. 1122; Power v. Andrews (Tex. Civ. App.) 253 S. W. 870; Brundrett v. Lucas (Tex. Civ. App.) 194 S. W. 613.

■ 2. That this plan or scheme itself is unconstitutional and void. Houston v. 'Baker (Tex. Civ. App.) 178 S. W. 820; Rowland v. City of Tyler (Tex. Com. App.) 5 S.W.(2d) 756; Brown v. First National Bank (Tex. Civ. App.) 175 S. W. 1122; Garza Land & Cattle Co. v. Redwine Ind. School District (Tex. Civ. App.) 282 S. W. 905; Jayton Ind. S. D. v. Rule-Jayton C. Co. (Tex. Civ. App.) 259 S. W. 631; Union Ind. School District v. Sawyer (Tex. Civ. App.) 259 S. W. 637.

■ In such circumstances the invoked R. S. art. 7329 is not applicable.and did not preclude the appellee from setting up its defenses that the assessments made against its property, over its protests and tenders, were in contravention of article 8, § 1, of the Constitution of Texas; Union Ind. School District v. Sawyer (Tex. Civ. App.) 259 S. W. 637; Stair v. Smith (Tex. Civ. App.) 299 S. W. 660; Ogburn v. Ward County Irr. District (Tex. Com. App.) 280 S. W. 169; Vance v. Town of Pleasanton (Tex. Civ. App.) 261 S. W. 457; affirmed by Supreme Court, 277 S. W. 89.

■ Neither was there any material variance in the respect alleged between the appellee's pleadings and proof, it having been developed upon the trial that while the members of the city council were not also on the board of equalization, they appointed the members who did serve on that board, and, in any event, the extortionate and fraudulent values as found were in fact placed upon the appellee's property; this, whatever the technical departure from a failure of some of the proofs to follow a specific allegation in the pleading, determined the result in the appellee's favor.

In the opinion of this court the record here discloses such a plain departure from the legal and constitutional method of assessing property for taxation that, on the coming in of the facts recited, the trial court had no alternative than to render the judgment it did; an affirmance thereof has accordingly been entered.

Affirmed.