**HOWTH v. FRENCH INDEPENDENT SCHOOL DIST.**

**No. 3271.**

Court of Civil Appeals of Texas. Beaumont.

April 12, 1938.

Rehearing Denied April 20, 1938.

Howth, Adams & Hart, of Beaumont, for appellant.

Morris & Bennett, of Beaumont, for appellee.

WALKER, Chief Justice.

On trial of this case to the court without a jury—an action by appellee, French Independent School District, against appellant, C. W. Howth, for taxes and to foreclose a tax lien—appellee was awarded judgment against appellant for $694.49, with fore-closure of lien. The land involved was a tract of 22.3 acres, purchased by appellant in 1922 for $2,230, and a second tract of 2 acres and a third tract of 7 acres, purchased by him in 1923 for $2,700. All of the land was on the A. Williams league in Jefferson county. The taxes sued for were for the years 1924–1934, not including 1927.

By way of answer appellant pleaded that the assessments against his property were illegal, wrongful, arbitrary, and confiscatory. The pleadings of the parties are sufficient to support all propositions and counter propositions advanced on this appeal.

It is conceded that appellee is a municipal corporation, with power to levy and assess taxes for the support of its schools; that the tax rate for the years in controversy was $1 on the $100 valuation; that, during these years, appellee had a duly qualified tax assessor and tax collector; and that, on the face of the record, the levy and assessment of the taxes in controversy were regular, and that the interest and penalty were regularly assessed and taxed.

The trial court found the following facts which have support in the evidence: (1) In buying the land, appellant had no personal knowledge of its value and had never seen it; he relied upon reports made to him by other parties. The tract of 22.3 acres was in a swamp, subject to overflow; it is not improved, and, from its nature and location, can never be improved. The two tracts of 9 acres have never been improved, and, except for two small portions, cannot be improved. When purchased by appellant, the 22.3 acres was not worth more than $10 per acre and its value has never exceeded that sum. When appellant bought the 9 acres, its value was not more than $25 per acre, and it has never been worth more than that sum. (2) Soon after buying this land, appellant donated 1 acre, on a slight elevation, out of the tract of 22.3 acres to appellee for school purposes. Appellee built its schoolhouse on this land, but could not use it because the land and the house were subject to overflow; subsequently, appellant gave to appellee 1 acre out of the 9 acres, and the schoolhouse was moved to that tract. (3) Appellant did not render his land for taxes for the years 1924–1925, and 1928–1934; for these years it was valued by the tax assessor as follows: for the year 1924, $660; for the year 1925, $2,900; for the years 1927–1934, $5,-

250. For the year 1927, appellant rendered the property at $2,000. In 1926, he signed a rendition sheet, reciting the value at $2,-900 as fixed by the tax collector, but, as found by the court, "without paying any attention whatever to the value fixed thereon by the tax collector." (4) In assessing the land appellee relied upon the recitations of value in appellant's deeds, and did not go upon the land to have it inspected and valued. The court found that appellee's tax assessor "submitted his said raises in valuation to the duly authorized, constituted equalization board of said District; that neither·said tax collector nor said board of equalization equalized the improved lands in three classes lying within the taxing area so as to embrace in the first class the better quality of land and improvements, and in the second class to embrace the second quality of land and improvements, and in the third class to embrace lands but of small value with inferior improvements, and they did not assess the land as nearly uniform as possible in accordance with subdivision 3 of article 7206 of Vernon's Texas Civil Statutes of 1936, but arrived at the value without having inspected the land and in disregard of the fact that same was swamp land and incapable of producing revenue, and assessed same on the basis of the purchase price thereof paid by the owner of said land; that said C. W. Howth never at any time· appeared before the board of equalization and protested as to the value placed upon said land. The court does not determine whether the said defendant did or did not have notice of such increase in values but the assessor testified and the court finds as a fact that he customarily mailed·notices of such increases to all owners of property." (5) Other tracts of land adjacent to appellee's land, quoting the court's findings, "of the same kind, quality, character and value," as appellee's tract of 22.3 acres were assessed by appellee on the valuation of only $50 per acre, while appellee's land was assessed, quoting the court's finding, "at a valuation of· approximately $170.00 per acre." As to the 9 acres, adjacent land was assessed at "from $100.00 to $200.00 per acre," but the adjacent land was improved, on paved highways, and consequently of high commercial value; the assessment against this land was in reasonable proportion to its value; appellant's land was not improved, was not adjacent to paved highways, and had a value of not more than $25 per acre.

Opinion.

■ Appellee contends that appellant's defenses were barred by the provisions of article 7329, R.C.S.: "There shall be no defense to a suit for collection ,of delinquent taxes, as provided for in this chapter except: 1. That the defendant was not the owner of the land at the time the suit was filed. 2. That the taxes sued for had been paid, or 3. That the taxes sued for are in excess of the limit allowed by law."

Notwithstanding the provisions of this article, the defendant in a tax suit may plead in defense that the assessment against his property was illegal, wrongful, arbitrary, and confiscatory. 40 Tex.Jur. § 182; Town of Pleasanton v. Vance, Tex.Com.App., 277 S.W. 89; Stevens v. City of El Paso, Tex. Civ.App., 81 S.W.2d 149; City of West University Place v. Home Mortg. Co., Tex. Civ.App., 72 S.W.2d 361; Republic Ins. Co. v. Highland Park Independent School Dist., Tex.Civ.App., 57 S.W.2d 627; St. Louis South Western R. Co. v. Naples Independent School Dist., Tex.Civ.App., 30 S.W.2d 703.

■ The taxpayer, as appellant did in this case, may offer his defenses in an action by the state or a municipality; he does not have to bring a suit to enjoin the illegal tax. Mann v. State, 18 Tex.Civ.App. 701, 46 S.W. 652.

■ The facts found by the court compel the conclusion that the assessments against appellant's property are void ·for the following reasons: (a) The plan adopted by the board in fixing values—it based its decision upon the values recited in appellant's deeds—was arbitrary and in violation of law. Rowland v. City of Tyler, Tex.Com.App., 5 S.W.2d 756; Texas & P. Ry. Co. v. City ·of El Paso, 126 Tex. 86, 85 S.W.2d 245. (b) The assessments were confiscatory. The taxes for ten years exceeded the actual value of the property by 64 per cent. Article 8, § 1, of the Constitution, provides that all property shall be assessed in proportion to its value; on the facts of this record, the assessment of appellant's property at seventeen times its actual value was in violation of the Constitution. Allen v. Emery Independent School Dist., Tex.Civ.App., 283 S.W. 674. The facts invoking this constitutional provision are as follows: Appellee had actual knowledge of the nature and character of appellant's property, gained in an effort to build

a schoolhouse on it. It heard no evidence on the issue of value, but relied on the recitations of value in appellant's deeds. The property in fact had a value of only $10 per acre, and was assessed at $170 more than three times the assessment of all other property of equal value. (c) Article 8, § 1, of the Constitution, also provides that taxation shall be equal and uniform. In this case appellant's property was assessed at more than three times the assessment against property similarly located and of equal value —not his property as against one particular piece of property, but as against all other property similarly situated and of equal value. Appellee assessed appellant's 8 acres, worth only $25 per acre, at $170 per acre, while improved land, worth from $150 to $250 per acre, was assessed at no higher value than that placed on appellant's land. The method used by appellee in assessing appellant's property resulted in gross discrimination against him. "Any method of assessment which leads to discrimination in practice is unconstitutional." 40 Tex.Jur. 164.

In Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71, 72, the court said: "The legislature has no power to create any board or commission, and empower it to confiscate any person's property, either directly or indirectly. To arbitrarily value one person's property for taxation at largely more than it is worth, while another's, subject to the same rate of taxation, is placed at greatly less than its value, is a clear violation of our constitution, because the tax in such a case is not equal and uniform, and the property of the county is not taxed in proportion to its value. It is an arbitrary wrong done the former in his 'lands and goods,' and a fraud upon his rights."

From what we have said, it follows that the assessments against appellant's property were in violation of the Constitution and void.

But the trial court also concluded, in his conclusions of law, that appellant "is now estopped to claim that said land has been excessively valued," for two reasons: (a) "By reason of his payment of the taxes on said land for the year 1927 upon the valuation of $5,250.00 without protest"; and (b) he failed to appear before the Equalization Board to "make protest of the valuations placed on said land for said years after he had been notified of the valuations." The first ground could not support the conclusion of estoppel against the taxes for the years prior to 1927. In view of appellant's testimony—he said he paid the 1927 taxes without investigation, on presentation of the matter to him by the tax collector —the first ground should have but little weight against the taxes subsequent to 1927.

On the second ground, in his conclusions of fact, the court refused to find that appellant had been notified of the valuations. Where a conflict occurs between the facts found in the conclusions of fact and the facts found in the conclusions of law, the conclusions of fact should control; this because article 2208 provides that the judge shall "state in writing the conclusions of fact found by him separately from the conclusions of law." The facts found by the trial court, as a proposition of fundamental error, are insufficient to support the conclusion of estoppel.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.