## LONG v. ANTHONY.
### No. 5363.

Court of Civil Appeals of Texas. Amarillo.

Nov. 24, 1941.

Rehearing Denied Jan. 5, 1942.

L. C. Heath and R. L. Graves, both of Brownfield, for appellant.

Joe J. McGowan, of Brownfield, for appellee.

STOKES, Justice.

Appellant's brief does not comply with Rule 417, Texas Rules of Civil Procedure, but, inasmuch as the rule has not been in force but a short time, we have, in this case, considered the brief and ignored appellant's failure to comply with the rule. All four copies of the brief are composed of onionskin paper and, on account of its translucent nature, the lines and words of each page are confused with those of the following page. This makes the brief difficult to read and inflicts strain and possible injury to the eyes of the reader. It is hoped that in cases appealed to this court counsel will familiarize themselves with the rule and see that the original copies of their briefs are written on heavy white paper.

This suit was filed by appellant, George Long, its purpose being to rescind a contract and cancel a promissory note for failure of consideration. On August 10, 1940, appellant and appellee entered into negotiations which resulted in appellant's purchasing from appellee a tractor and a growing crop on Section 53, Block E, Terry County, and leasing the land from appellee for the year 1941. Appellee was in possession of the section of land under a lease contract from the owner under which he was entitled to the possession and use of it during the years 1940 and 1941. Appellant alleged that appellee held the land only under a lease and that the owner sold it in November, 1940, which necessitated his giving possession on January 1, 1941, and he was thus deprived of the use of the land during that year. He alleged that he purchased the tractor and gave the note in suit upon condition that he be permitted to occupy and cultivate the section of land during the year 1941 and appellee not having complied with the contract and furnished him the land for cultivation during that year, the consideration for the execution of the note and his purchase of the tractor failed and he was entitled to a cancellation of the note and rescission of the entire contract.

Appellee answered by a general denial; reconvened by setting up the note and chattel mortgage and prayed for judgment for the amount due on the note and foreclosure of his mortgage lien. The case was tried before the court, without the intervention of a jury, and resulted in a judgment in favor of appellee for the relief prayed for by him. The effect of the judgment was to deny appellant any relief upon his claim for rescission and cancellation and he duly excepted to the judgment, gave notice of appeal and has brought the case to this court for review. He contends the judgment was erroneous and should be reversed because the testimony supported his allegations and he was entitled to a judgment rescinding the entire contract and cancelling the note and chattel mortgage.

It is undisputed that the owner of the section of land sold it on November 15, 1940; that he immediately notified appellee thereof and demanded possession by January 1, 1941. The only witnesses who testified in the case were appellant and appellee. Appellant testified that he would not have purchased the tractor and executed the note but for the agreement of appellee to lease the land to him and that his purchase of the tractor was upon condition that he have the use and occupancy of the land. He said he had no use whatever for the tractor unless he got possession of the land and that, on account of the sale by the owner, appellant was deprived of its use which constituted the principal consideration for the contract and note. Appellee testified that the lease under which he held the land provided that it was subject to the right of the owner to sell it at any time and that, if he should sell it, appellee would give possession. He said he informed appellant of the condition under which he held the land as lessee and explained to him that, if the owner should sell the land, appellee was under obligation to give possession. He said he showed the written lease to appellant who read it, expressed the opinion that the land would not sell and said he was willing to take the risk.

Manifestly, if appellant was willing to take the risk of the land being sold by the owner before the expiration of his lease and he entered into the contract with the knowledge and understanding that he was acquiring only such rights in it as appellee had under his lease from the owner, and that his occupancy was conditioned

upon the sale of the land by the owner, he would not be entitled to a rescission of the contract and cancellation of the note upon the happening of the condition under which he made the contract with appellee. These are logical deductions from the record and, in support of the judgment entered by the trial court, we must assume that the court so found. The case presents a question of fact which has been determined by the trial court upon testimony that was conflicting to some extent, but amply sufficient to support the judgment rendered by the court and this court is, therefore, not authorized to disturb it. Boyd v. Keystone Driller Co., Tex.Civ.App., 6 S.W.2d 221; McAllen Cafe v. Chris Automatic Dishwasher Co., Tex.Civ.App., 9 S.W.2d 753; Guyler v. Wallis Independent School District, Tex.Civ.App., 12 S.W.2d 1094; Texas Gulf Sulphur Co. v. State, Tex.Civ. App. 16 S.W.2d 408.

We have considered all of the assignments of error and propositions of law presented by appellant and are of the opinion that no reversible error is revealed by any of them. The judgment of the court below will, therefore, be affirmed.