# THE ATTORNEY GENERAL
## OF TEXAS
**AUSTIN 11, TEXAS**



Grover Sellers

XXX̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶

ATTORNEY GENERAL

Hon. J. M. Reiger
County Attorney
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion No. O-7124
Re: Construction of Article 2753,
V.A.C.S., with reference to whether
Veterans may be given preference in
the purchase of abandoned rural
school buildings of a common school
district

     Your request for opinion has been received and carefully considered by this Department. We quote from your request as follows:

     "Article 2753, Texas School Law, 'Sale of School Property', states, 'The Trustees of any school district, upon the order of the county trustees prescribing the terms thereof' etc. We have a number of rural school buildings not in use, which may be sold. Does the County Board of Education have the authority to limit the bidding on the buildings, in case they are sold, by public auction or sealed bids to veterans only?

     "Please let us have an opinion on this interpretation of that part of the law which says 'prescribing the terms thereof', or whether it can be applied to limiting the sale of the abandoned rural school buildings to service men."

     Article 2753, Vernon's Annotated Texas Civil Statutes, reads as follows:

     "The trustees of any school district, upon the order of the county trustees prescribing the terms thereof, when deemed advisable, may make sale of any property belonging to said school district, and apply the proceeds to the purchase of necessary grounds, or to the building or repairing of school houses, or place the proceeds to the credit of the available school fund of the district."

Article 2753, supra, relates only to common school districts and does not apply to independent school districts. See Opinion No. O-6554 of this department, a copy of which is enclosed herewith. Said opinion No. O-6554 also holds that sales of independent school district property may be made at either private or public sale.

The discretion and powers of school trustees must be exercised so as to best serve the interests of the public. Union Independent School District v. Sawyer, 259 S. W. 637. However, in the absence of a showing of corruption, fraud or bad faith, the discretion of school trustees will not be reviewed. Davis vs. Hemphill, 243 S. W. 691.

The courts will not interfere with boards of education in carrying out the powers and duties required of them by law unless there has been a clear abuse of discretion or a violation of law; unwarranted interference would be to substitute the discretion of the courts for that of the boards. 37 Texas Jurisprudence, p. 942.

Many federal and state laws alike make preferences in favor of veterans who have rendered services to their country, however, Article 2753, supra, does not make any such preferences, and it is, therefore, our opinion that Article 2753, supra, does not authorize the limitation of bidding on school property to veterans only as outlined in your letter.

However, we wish to point out that Article 2753, supra, does not require a public sale of such property and it is our opinion that the Board would clearly have the authority to make a valid sale of said property to a veteran, or to any other person for that matter, at private sale, so long as the sale was regular, fairly made and for the best price obtainable. Any person desiring to attack such a sale would have the burden of showing wherein the Board had abused its discretion in the matter.

APPROVED MAR 22, 1946    Very truly yours
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS   ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE   By /s/ Wm. J. Fanning
BY:   BWB, Chairman    Wm. J. Fanning, Assistant

WJF:BT:wb