## ALLEN v. EMERY INDEPENDENT SCHOOL DIST. (No. 3076.)

(Court of Civil Appeals of Texas. Texarkana. April 1, 1926.)

1. **Taxation** ⬅49—**Constitutional provision, requiring taxation of property by "value," refers to real value, but conclusiveness of valuation rests with tax officers (Const. art. 8, § 1).**

Const. art. 8, § 1, providing that "property shall be taxed in proportion to its value," is 'mandatory, and "its value" refers to real value, but the conclusiveness of valuation rests with such tax officers or tribunals "as may be provided by law."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Value.]

2. **Taxation** ⬅319(2)—**Action of tax officers in fixing valuation of property is presumed correct, but presumption is rebuttable.**

A presumption of correct action attends action of tax officers or tribunals, and gives prima facie support to their conclusions as to value, but presumption is not conclusive.

3. **Taxation** ⬅459—**An arbitrary or capricious valuation by board of equalization, is objectionable, and can be set aside.**

A purely arbitrary or capricious valuation made by board of equalization disproportionate to property's value is ground for objection, and cause for setting aside the board's valuation.

4. **Taxation** ⬅459—**Mere overvaluation, in absence of improper conduct, is not, ground for interference with valuation fixed by board of equalization.**

A mere overvaluation by board of equalization in fixing valuation, or valuation that a court may think disproportionate to property's value, is not ground for interfering with board's valuation.

5. **Taxation** ⬅463—**Failure to show cause when cited precludes property owner from thereafter questioning value fixed by board of equalization in exercise of honest, intelligent judgment (Const. art. 8, § 1).**

Where board of equalization, in honest exercise of intelligent judgment, increased valuation on defendant's property, and defendant, when cited, failed to show cause why raise should not become final, he was thereafter precluded from reopening or questioning board's valuation; such valuation being conclusive as to property's "value," within meaning of Const. art. 8, § 1.

6. **Taxation** ⬅490—**Valuation by board of equalization, where not fraudulent or arbitrary, cannot be collaterally attacked in suit to recover taxes and foreclose tax lien.**

Valuation of property by board of equalization, their action not being fraudulent or merely arbitrary, cannot, at least, be attacked by owner in suit against him by taxing district to recover taxes and foreclose tax lien; such attack being collateral.

7. **Pleading** ⬅36(1).

Allegations of fact in pleadings may be treated as admissions.

8. **Appeal and error** ⬅926(5)—**Objection being made 'to introduction in evidence of tax rolls and delinquent list, it will be presumed court inspected them and found them in compliance with legal requirements.**

Where, in suit to collect taxes and to foreclose tax lien, trial court admitted tax rolls and delinquent list over objection, it will be presumed court inspected them on objection to their introduction, and found them in compliance with legal requirements.

Appeal from District Court, Rains County; Geo. B. Hall, Judge.

Suit by the Emory Independent School District against M. L. Allen. Judgment for plaintiff, and defendant appeals. Affirmed.

The suit is brought against the appellant by the Emory independent school district, duly constituted as such, to recover certain taxes levied and assessed for the year 1922 upon certain described real estate, and to foreclose the tax lien. The action is brought under the provisions of the statute. The defendant in the case answered, alleging—

"that when he was called upon to render his property situated in the Emory independent school district to said district assessed for taxes, he rendered the same at what he then thought, and 'at what he still believes, and avers was its fair market value on the 1st day of January, 1922, and at the time of his said rendition. That thereafter the school board of the Emory independent school district, sitting as a board or tribunal for equalizing the assessments and renditions of the property rendered in said school district for taxes for the year 1922, acting through a fraudulent motive, and in pursuance of a policy adopted by them in order to increase the revenue of said Emory independent school district so that said revenue would cover the current expenses thereof, said board of equalization willfully, knowingly, arbitrarily, and fraudulently raised the valuation and rendition of the property situated in said Emory independent school district, especially and including the property belonging to this defendant, from 50 to 200 per cent. more than the fair market value of said property on January 1, 1922, and more than the fair market value thereof on the day and date the said board of equalization raised the renditions and this defendant's rendition of said property. That each and all of the items of defendant's property were by the said board

(283 S.W.)

of equalization rendered and assessed by them in sums greatly in excess of the fair market of the same, and such act of said board of equalization was in violation of the constitution and as well the law of this state."

By supplemental petition, the appellee replied to the appellant's answer, alleging, substantially, that the board of equalization made equal and uniform valuation of all the taxable property in the district according to the true and fair market values thereof, and according to the honest judgment of the said board, including the appellant's property; that the said board duly notified the property owners, and particularly the appellant, to appear and show cause why the said valuation should not be fixed, and that the appellant "failed and refused to appear before the said board of equalization, and refused to present to said board any evidence as to the value of his property, and offered no objection, to, nor reason why, same should not be raised."

The case was tried without a jury. The judgment was in favor of the plaintiff, the Emory independent school district. The trial court made the following conclusions:

### "Of Fact.

"(1) The court finds that the board of equalization of the Emory independent school district assessed the property at what it honestly thought was the reasonable and fair market value, and that it was not actuated by any fraudulent intent in so fixing the values, and that it did not knowingly or willfully fix such values above its fair market value.

"(2) The court finds that the property was assessed by the said board of equalization at $2,250 above its fair market value on the 1st day of January, 1922, and at all times during the year 1922.

"(3) The court concludes that the difference in the amount of the assessment made by the board and the fair market value of the property assessed was not sufficient to show fraud on that fact alone.

"(4) The court finds that, when the board of equalization of the Emory independent school district met, the said board raised the rendition of the defendant, M. L. Allen; that the said defendant was notified of the said raise, and notified to appear before the said board and show cause why the said raise should not become final, and that M. L. Allen failed to appear before the said board of equalization, for any purpose, or to offer any testimony as to the value of the said property.

### "Of Law.

"(1) The court concludes as a matter of law that, by reason of the fact that the defendant failed to appear before the board in response to the notice given him by the board, to appear and show cause why his assessment should not be raised, he was estopped, and this court has no jurisdiction."

The appellant excepts to the first finding of fact above. The special testimony he relies on is that portion of the secretary's evidence reading:

"I am secretary of the board of trustees, and was on January 1, 1922, and during all the year 1922. I was a member of the board of equalization. * * * The taxpayers were notified by me to appear before the board and show why their rendition should not be increased or lowered. In fixing the values, we took each particular assessment in arriving at the value. We discussed it and considered the value of the land, and each survey, before we fixed the valuation of it. We did not fix the valuation from any arbitrary motive, or for any arbitrary purpose, but we fixed the market value as near as it could be determined by us on each piece of property. In my judgment the values fixed were the true market value of the property for the year 1922. * * * In 1922 our total property assessments for the school district was $1,030,000. In 1921 it was a little less, being $882,368. We could not have conducted the schools, if we wanted to, on the $882,368 rendition for 1921. We were not short of funds. We had ample funds. Our expenditures were not increased in 1921. We did not put on additional teachers until the winter term of 1922, and then we did. We did not peremptorily raise the valuation of 1921. I cannot say that we had any especial occasion to do so. In 1921 there was a decline in values over 1920. The value was raised for 1923. The valuation for 1923 was about $1,000,000."

There is other evidence in the record besides the above.

We think the court's conclusion is warranted, when all the evidence is considered together. It was shown that the total valuation of appellant's property as made by the board of equalization was $18,000. The property did not consist of one lot. There were three separate and distinct tracts of land, of 80, 26, and 70 acres, valued by the acre and according to improvements.

Jones & Jones, of Mineola, for appellant.
H. D. Garrett and B. A. Carter, both of Emory, for appellee.

LEVY, J. (after stating the facts as above.) [1-6] The appellant contends that under the court's findings of fact it conclusively appears that the property was by the board of equalization overvalued as compared with its value. It is argued that such act of the board was legally void, inasmuch as he would have to pay more than his proportionate share of the gross tax, a wrong to him in violation of the Constitution of the state. Article 8, § 1, Const. The article of the Constitution referred to expressly provides that all property owned by natural persons or corporations "shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." The requirement that taxation of property shall be by value is, of course, mandatory. The words "its value" refer to the real value of the property. But there is no certain or fix-

ed standard by which the real value of real property can be ascertained. There are numerous elements and tests of value. It is generally a matter of estimate or opinion, at best, as of time and distances and the like, and about which witnesses the most competent to know often widely differ in particular instances, according to personal determination of the primary facts which support their conclusion. The constitutional provision is manifestly founded upon such recognized situation. Therefore, the conclusiveness of valuation must rest with such tax officers or tribunals, "as may be provided by law." A presumption of correct action will attend what they do and give prima facie support to their conclusions when apparently warranted by law, but this presumption is not conclusive in any case. A merely and purely arbitrary or capricious valuation made by such tribunal disproportionate to the property's value is ground for objection and cause for interfering with its action. Johnson v. Holland, 43 S. W. 71, 17 Tex. Civ. App. 210. A mere overvaluation, or what a court at a later time may think would have been a wiser opinion of amount of value, is not a ground for interference. Conclusively so after the tax tribunal has cited the property owner to show cause why the increased valuation should not be assessed and fixed. Duck v. Peeler, 11 S. W. 1111, 74 Tex. 268. In this case the trial court found as a fact that the gross valuation placed upon the appellant's property by the board of equalization was according to their best judgment of amount, honestly made, and not merely and purely arbitrary. And the court further found as a fact that, although the property was overvalued, as far as the evidence before the court showed, yet the mere fact of the gross overvaluation did not warrant the imputation of fraud, or arbitrariness, to the board in the light of all the facts. In the light of all the evidence it is difficult to say that such conclusion of the court was not authorized. It depended upon the weight of the evidence. The property was not a single lot or tract, but of several tracts with different acreage, dependent upon acreage, location, and improvements as to amount of value. The circumstances go to show that the board had an intelligent idea of the value, founded on reasonable and reliable primary facts upon which to reach the conclusion made of value. Therefore the appellant's failure to show cause when cited by the board precluded him from afterwards reopening or questioning the gross value as made by the board in the exercise of an honest judgment as to the gross amount. Duck v. Peeler, supra. At least the finding of value by the board could not be collaterally attacked, as here; the action of the board not being fraudulent or merely arbitrary. Con-

sequently, accepting the fact, as the court must do, that the board made valuation of the property according to their best judgment of "its value," and that such board legally concluded it to be of such value as is here complained of, no constitutional objection would exist so as to make void the assessment complained of. The board's determination of the value would be deemed conclusive of the question, since there exists no legal ground to set it aside, as sought to be done.

[7, 8] The other assignments of error are each overruled as not authorizing a reversal of the case. The case was tried before the court, and, although a general denial was formally filed, the defense was in fact in the nature of confession and avoidance. The amount of valuation, it was claimed, was wrongful. The appellant did not contend that he was not liable for a tax, or that he had paid such tax for the year, or that there was no assessment of the tax. The amended answer offered in evidence expressly averred that appellant rendered the property for taxation. When parties allege matters of fact in their pleadings, such pleadings can be treated as statements of the real issues in the cause, and hence as admissions of the parties, having weight according to the circumstances of the case. Ry. Co. v. Wright, 64 S. W. 1001, 27 Tex. Civ. App. 198. The tax rolls and delinquent list being before the court, it must be presumed that he inspected the same on objection to their introduction, and found them in compliance with legal requirements Only excerpts from such original records appear copied in the record on appeal. The parties have ably presented the two sides of the controversy to the trial court and on the appeal. We are of the opinion that the judgment should be affirmed.

Affirmed.