### ZACHARY et al. v. CITY OF UVALDE.
#### No. 1288—5761.

Commission of Appeals of Texas, Section B.
Oct. 14, 1931.

Atlas Jones, of Uvalde, for plaintiffs in error.

LEDDY, J.

This was a suit by defendant in error to recover from plaintiffs in error certain delinquent taxes with a foreclosure of the tax lien.

The principal ground upon which plaintiffs in error sought to defeat a recovery of the taxes alleged to be due was that the board of equalization fixed the value of their property without investigation and without accurate knowledge as to the condition of said property and arbitrarily and unfairly assessed it above its true value.

At the close of the evidence the trial court peremptorily instructed the jury to render a verdict for the defendant' in error without specifying what the amount of the verdict should be and without directing a finding foreclosing the tax lien. In obedience to this instruction, the jury rendered a general verdict reading as follows: "We, the jury, find for the plaintiff, the City of Uvalde."

Based upon this verdict the court rendered judgment for defendant in error against the plaintiff in error for the amount of the delinquent taxes shown to be due, with penalties and interest, and also foreclosed the tax lien.

The writ of error was granted in this case upon plaintiff in error's assignment, complaining that article 7329, R. S. 1925, violates the provisions of article 8, § 1, of the Constitution of this state, in so far as its terms be construed to prohibit them from making the defense that their property had been unequally and unfairly valued by the city's board of equalization.

In our opinion plaintiffs in error are in no position to invoke a ruling upon the question as to the invalidity of the statute in the respect complained of. It does not appear that they have been in any way deprived of making the defense pleaded against the recovery of delinquent taxes. Upon the trial of this case they offered no proof showing or tending to show that their property had been unequally, unfairly, or arbitrarily valued by the board of equalization. The record is absolutely devoid of any evidence showing what the true market value of their property

was, or that the value placed upon it by the board of equalization exceeded its fair value, or that such value was not in line with the values placed upon other similar property.

The valuation placed upon plaintiffs in error's property cannot be set aside merely because at the time it was made the board of equalization made no investigation as to the value of the property. Before plaintiffs in error will be heard to complain of the action of the board of equalization, they must show that their property has been valued unfairly or in excess of the value of other property similarly situated. No such showing was made by the proof offered by them. It was merely shown that when they were notified of the raise in valuation proposed to be made on their property, they filed through their attorney a written protest and asked the board to investigate the property and fix a fair value thereon. In the absence of any showing to the contrary, the presumption will be indulged that the board of equalization discharged its duty by placing a fair value upon plaintiffs in error's property.

There is no merit in plaintiffs in error's complaint that no recovery of the delinquent taxes could be had against them in the absence of proof showing that the delinquent tax list, including this property, had been published as required by law prior to the bringing of this suit. While the statute requires the publication of such delinquent tax list, it is expressly provided that the failure to publish the same shall constitute no defense to a suit for taxes due. Article 7323, R. S. 1925.

If there was any error in sustaining the exception of defendant in error to that portion of plaintiffs in error's answer pleading a tender of the taxes due, such error is harmless in the light of the subsequent proof showing that the tender made was not for the correct amount of the taxes shown to be due.

It was not necessary for the defendant in error to prove that the persons who acted as members of its board of equalization had been duly appointed and qualified in accordance with the laws of this state. It was undisputed that the persons named by the city council, as members of the board of equalization, were purporting to act as such. Under such circumstances they were de facto officers and their legal qualifications to act as such will be duly presumed in this character of proceeding. Nalle v. City of Austin (Tex. Civ. App.) 56 S. W. 950 (writ ref.); Martin v. Grandview Independent School District (Tex. Civ. App.) 266 S. W. 607.

Neither was it essential that the city adopt an ordinance providing for a lien to secure the payment of taxes lawfully levied by it. Article 1063, R. S. 1925, made available to defendant in error all of the provisions of chapter 8, title 122, of the Revised Statutes (Vernon's Ann. Civ. St. art. 7245 et seq.). Articles 7269 and 7272, of this chapter, fix a lien to secure the payment of taxes. In addition to this, article 7343 makes available to defendant in error all of the laws of this state providing for the collection of delinquent taxes, and article 7320 of such laws fixes a lien to secure the payment of these taxes. There existed a statutory lien to secure the payment of all delinquent taxes owing to defendant in error; hence it was unnecessary that it make provision by ordinance for such a lien.

Finally, it is insisted that the general verdict rendered by the jury against the plaintiff in error, without specifying any amount and without foreclosing the tax lien, was insufficient to sustain the judgment of the trial court against them in the sum of $227, interest, penalties, and a foreclosure of the tax lien.

Inasmuch as the defendant in error was entitled, under the undisputed evidence, to a judgment in the amount found by the court with a foreclosure of the statutory lien, it is immaterial whether the verdict rendered under direction of the court was sufficient to sustain the judgment of the court. Under the circumstances it was the duty of the court to render the judgment demanded by the undisputed evidence. It would have been a vain and useless thing for the trial court to have set aside its judgment because of an irregular verdict rendered in obedience to a peremptory instruction, when no other judgment than that which was entered could have been properly rendered. It has often been held that where there is no issuable fact to be submitted for the determination of the jury the court may, if it desires, withdraw the case from the jury and render such judgment as is proper. This being true, we can perceive no valid reason why the court in this case could not properly render the judgment demanded by the undisputed evidence even if it be conceded that the verdict which the court had directed the jury to return was in fact insufficient upon which to base a judgment.

The trial court rendered the only judgment that could have been rendered under the facts proven. We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.