### GONZALES v. STATE.
### No. 3160.

Court of Civil Appeals of Texas. El Paso. March 7, 1935.

Rehearing Denied March 28, 1935.

C. W. Croom, of El Paso, for appellant.

David E. Mulcahy, Co. Atty., of El Paso, for the State.

PELPHREY, Chief Justice.

This is a suit for taxes by the state of Texas, brought by the county attorney of El Paso county, seeking to recover taxes alleged to be due for the years 1930, 1931, 1932, and 1933 on property, both real and personal, belonging to appellant in El Paso county, Tex. During the years in question appellant was himself a member of the commissioners' court of El Paso county and, as such, also a member of the board of equalization of such county. Appellant in his answer contended that the plaintiff, through the tax assessing authorities, followed the custom of taxing real property at 40 per cent. of its valuation and of personal property at 50 per cent. of its valuation; that the valuation of plaintiff's property involved in this suit was grossly in excess of the percentages fixed by such custom; that in fact the reasonable, fair market value of the property involved was not more than 50 per cent. of the amount for which said property was assessed; that the valuation at which his property was assessed for the years above mentioned was arbitrary, excessive, out of proportion, and in excess of the assessed valuation of other properties located in the vicinity where said appellant's property was located; that such assessment imposed upon appellant's property a burden out of proportion to the value thereof and upon a basis that placed upon his property a heavier burden that was imposed on similar properties adjacent to and near the property of appellant, and was, therefore, a discrimination against him in violation of article 8, § 1, of the Constitution of the state of Texas. He further alleged that if plaintiff had during the years above mentioned taxed all other real and personal property in the same proportion that it taxed his property, and especially had it levied an assessment for taxes against moneys, credits, bonds, and other evidences of debt owned by citizens of El Paso county, that there would have been rendered for taxation purposes in El Paso county many millions of dollars in moneys or deposits, credits, bonds, mortgages, and other

evidences of debt, and that, had appellee complied with the law, appellant's taxes would have been greatly and materially reduced, and that by reason of its failure to assess all the property in El Paso county in accordance with law the assessments against his properties were unjust, illegal, discriminatory, and void.

The case was tried to a jury, but upon the conclusion of the evidence the trial court instructed the jury to return a verdict in favor of appellee for the amount sued for, and for a foreclosure of its lien against the several pieces of property described in its petition. Upon such instructed verdict judgment was rendered, and from that judgment this appeal has been perfected.

Appellant assigns error to the trial court's action in peremptorily instructing the jury to return a verdict against it and in refusing his motion to instruct a verdict in his favor. His single proposition is that where there is substantial evidence showing that the taxes assessed and sought to be foreclosed in a suit against defendant are not equal and uniform with other properties similarly and adjacently located, it becomes a question of fact for the jury to determine and the court errs in instructing a verdict.

In the early case of International & G. N. Ry. Co. v. Smith County, 54 Tex. 1, our Supreme Court used this expression: "The expressed intention of the law is to make the decisions of the board of equalization final on the question of valuation. If that tribunal errs, and affixes an excessive valuation, that fact gives the tax-payer no right to resort to the courts for relief."

The same court in Texas & P. Ry. Co. v. Harrison County, 54 Tex. 119, said: "The question of valuation appears to have been regularly referred to the board of equalization, and when so referred, the valuation of that tribunal was final "

The court in that case referred to International & G. N. Ry. Co. v. Smith County, supra.

In Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71, 73, the Court of Civil Appeals of Texas used this expression: "If,

however, the board errs in honest judgment, under our statute, there is no appeal from its decision. Its conclusion is final, and not subject to revision by any court."

■■ In Druesdow v. Baker, 229 S. W. 493, section A of the Commission of Appeals enlarged upon the doctrine announced by the above decisions holding that a decision by a tax board in the matter of valuations was quasi judicial and an attack thereon would not be justified in the absence of fraud or something equivalent thereto, lack of jurisdiction, and obvious violation of the law or the adoption of a fundamentally wrong principle or method, the application of which substantially injured the property owner, and that a mere difference of opinion as to the reasonableness of values placed by it would not warrant interference by the court. This doctrine has been applied by our courts in the following cases: Early, v. City of Waco (Tex. Civ. App.) 3 S.W.(2d) 131; Rowland v. City of Tyler (Tex. Com. App.) 5 S.W.(2d) 756; Port Arthur Independent School District v. Baumer (Tex. Civ. App.) 64 S.W.(2d) 412.

In the case before us there is no allegation and no proof that the valuations placed upon the property of appellant by the tax assessing authorities were so placed as a result of fraud, and the excessiveness of such valuations, if we concede that they were excessive, is not such as would, in our opinion, justify us in concluding, as a matter of law, that fraud existed.

In connection with appellant's allegations as to the failure of the tax assessing authorities to assess notes, mortgages, and other evidences of indebtedness, we find no allegation that such failure was the result of the adoption of any method of taxation which would bring appellant's case within the exception mentioned in Druesdow v. Baker, supra.

After a careful reading of the pleadings, the evidence, and the authorities, we have concluded that the trial court properly instructed a verdict against appellant, and the judgment of such trial court is therefore affirmed.

Affirmed.