## CITY OF COMANCHE v. BRIGHTMAN et al.

No. 1589.

Court of Civil Appeals of Texas. Eastland.

Nov. 15, 1935.

Rehearing Denied Dec. 13, 1935.

Y. W. Holmes, of Comanche, for appellant.

Oscar Calloway and Fred O. Jaye, both of Comanche, for appellees.

FUNDERBURK, Justice.

By this suit, the city of Comanche sought recovery of city taxes against O. O. Brightman, D. M. Brightman, and F. E. Adams, and a foreclosure of the tax lien against said parties and the First State Bank of Comanche, Tex. The plaintiff was awarded recovery for certain of the taxes claimed with foreclosure of the tax lien securing the sum so recovered, about which no question is raised upon this appeal. The court concluded that the action of the board of equalization in raising the valuations of three pieces of property for the years 1930, 1931, and 1932 was void. As to the taxes for said years the judgment was rendered in favor of the city upon the basis of the renditions of said property made by, or for, the owners, and the acceptance and assessment thereof by the tax assessor, certain credits thereon having been acknowledged and allowed. The court also having found that the proper amount of taxes had, prior to the suit, been tendered, adjudged the costs of court against the plaintiff city. From the judgment, the city of Comanche has appealed.

The record comes to us without a statement of facts. In response to proper request, the trial judge made and filed his conclusions of fact and law. The conclusions of fact, we think, fully support the judgment which awarded recovery upon the theory that the valuations of the property by the board of equalization were void, but the renditions as made to, and accepted by, the tax assessor were valid. The conclusions of fact also support the judgment, we think, in awarding recovery of court costs in favor of the defendant and against the plaintiff.

A number of appellant's assignments of error challenge certain findings or conclusions of fact. There being no statement of facts, the several contentions are that the findings are not supported by the pleadings. It is, therefore, apparent that the only real questions presented are those relating to the sufficiency of the pleadings.

Appellant contends, in the first place, that "The court erred in overruling plaintiff's general demurrer to section 8, including all paragraphs therein, of defendants' answer." The section 8 referred to alleged the due rendition of the three pieces of property in question for each of the three years, 1930, 1931, and 1932, at the full and fair value thereof; the due acceptance of such renditions by the tax assessor; notice of a hearing by the board

of equalization to determine whether the rendered valuations should be increased; the appearance by the owners and the production of evidence by them showing that the property had been rendered for its true and full cash market value; that the board of equalization disregarded such evidence and "arbitrarily, illegally, unlawfully and with the deliberate intent to fix a false and fraudulently excessive valuation upon certain property raised the valuation of" certain described property from $3,500 to $5,000 for the year 1930, from $3,500 to $5,000 for the year 1931, and from $3,500 to $4,500 for the year 1932. That the said board likewise raised the valuation of another piece of property from $5,000 to $5,500 for the year 1930, and from $4,000 to $4,500 for the year 1932. That the board likewise raised the valuation of another described lot from $1,500 to $2,500 for the year 1930, and from $2,000 to $2,250 for the year 1932. It was further alleged that such valuation was without evidence of any nature in support thereof, and that "it was done with the intent to deliberately fix a fraudulently excessive value on certain property * * * without having ascertained as required by law the true value thereof." It was further alleged that said raises in valuation were "contrary to all the evidence heard and submitted before them * * * and such figures were arbitrary and fraudulently excessive and contrary to the authority vested in said board, and was a gross abuse of the official discretion vested in them by law."

We think that, as against a general demurrer, the allegations of the answer were sufficient to present the defense that the action of the board of equalization in the respects complained of was illegal and void. The pleadings, we think, were sufficient to admit evidence to show, as found by the trial judge, that the action of the board of equalization was arbitrary, illegal, and fraudulent in that it disregarded all evidence of the value of the property, and was action in pursuance of "a general plan or scheme whereby property was assessed in said city with a view of paying the bonded debt due and owing by the plaintiff city regardless of the value of such property and that the valuation of the property within said city was raised to the figures fixed by the board of equalization because such valuations were necessary to the prompt payment of the bonded debt due and owing by the plaintiff city and that this was the policy pursued by said city during all of the years involved in this cause of action."

Appellant city contends that the action of the court in overruling its demurrer presents the question of whether a board of equalization of a city such as the appellant here, when it proposes to raise the value of property rendered for taxation, and when the owner has produced evidence to show that the property has been rendered for its full and fair value, must hear other evidence in order to be authorized to raise such valuation. Appellant seems to concede that such would be the rule applicable to the board of equalization of a county under the provision of certain statutes, but it is insisted that the rule is different under the statutes applicable to the city of Comanche. The question is interesting, but we do not believe that it is presented for our determination. The portion of the defendants' answer to which the demurrer was directed did not limit the evidence admissible thereunder to such only as showed arbitrary or illegal action in raising the valuations without hearing other evidence than such as showed the property to be rendered at its full and fair value. Under the allegations, evidence was admissible to show that the valuations were arbitrary and illegal in that they were known to be in excess of the true value of the property, having been made in pursuance of a plan or policy to value property sufficiently high, regardless of its real value, to yield the necessary revenue to pay the bonded indebtedness of the city.

The Constitution of this state (article 8, § 1) imposes upon all taxing authorities the duty to assess property for taxes "in proportion to its value." This mandate of the organic law is plainly something in addition to the other requirement in the same section that "taxation shall be equal and uniform." Taxation may be equal and uniform, yet not be in proportion to value. If all property were assessed at one-half its value, or twice its value, there would manifestly be no violation of the equality or uniformity provision, but there would be a violation of the requirement that property be "taxed in proportion to its value." If property be assessed at less than its value, although contrary to the Constitution, the owner

will not be injured, unless there be a violation of the provision for equality and uniformity working a discrimination against him. But, if one's property be assessed at more than its value, the owner, regardless of any question of equality and uniformity, will be injured, since it will require him to pay more taxes upon his property than is "in proportion to its value."

By far the greater number of decisions to be found in the reports relate to the provision for equality and uniformity, but the proposition is sound and well supported by authority that the act of a board of equalization in purposely valuing property for more than its true value is illegal and void. Power v. Andrews (Tex. Civ.App.) 253 S.W. 870; Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71; City of West University Place v. Home Mortgage Co. (Tex.Civ.App.) 72 S.W.(2d) 361; City of Sweetwater v. Biard Development Co. (Tex.Civ.App.) 203 S.W. 801; Brundrett v. Lucas (Tex.Civ.App.) 194 S.W. 613; Rowland v. City of Tyler (Tex.Com.App.) 5 S.W.(2d) 756; Ogburn v. Ward County Irrigation Dist. (Tex.Com.App.) 280 S.W. 169; Allen v. Emery Independent School Dist. (Tex. Civ.App.) 283 S.W. 674.

The portion of the pleading to which the demurrer is directed alleged facts sufficient to show that the action of the board of equalization was arbitrary and illegal because in contravention of the above-mentioned provision of the Constitution, even if it be true that the board of equalization was not required to hear any other evidence than that produced by the taxpayers to the effect that the property had been rendered at its full and fair value, but could determine the value from their own knowledge. According to the allegations, the board disregarded all evidence as to the true value of the property and placed thereon a valuation greatly in excess of its true value. Such allegations, if true, show arbitrary and illegal action, not in the excessiveness of the value, but in the disregard of all evidence of the true valuation. A board of equalization may from error of judgment or misapprehension of pertinent facts place a valuation upon property in excess of its true value, and yet such action not be void; but, when a board of equalization with intentional disregard of the constitutional provision above mentioned pursues a plan or scheme of valuation contrary to that prescribed by the Constitution, its action will be void, in which case the amount of excess in the valuation will be immaterial, provided it be sufficiently substantial to show injury to the taxpayer.

■ The other contention of the appellant is that "The court erred in overruling its demurrer to paragraph 10 of the defendants' answer," which undertook to allege a tender as a basis of being relieved from the payment of costs. Section 10 was as follows: "That the defendants have heretofore and on numerous occasions prior to the commencement of this cause of action, called upon the duly elected, constituted and acting officials of plaintiff city to determine the true amount of taxes, which he might owe to said plaintiff according to the legal levies and the true valuation as shown by him in the rendition of his property, and at said times has offered to pay any sum or sums lawfully due and owing by the defendants to said city, but tho often requested and implored by the defendants, the plaintiff city, its agents, servants, employees and officials have failed and refused to accept said offer on the part of these defendants to pay and the defendants here and now in open court tender into court such amounts as the court may find and determine from all the evidence before it, that may be shown justly due and owing by them, if any, of the plaintiff city."

The defect pointed out by the demurrer was: "It sets up no facts constituting a tender of any sum, but at most only a claim to have offered to pay on what he considered a true valuation of the property." The exception, we think, must be regarded as a general exception. The vice in the pleading complained of, namely, that it did not show that the defendants were at all times ready, able, and willing to pay, is not specifically pointed out by the exception. The fault in the pleading complained of is such as is peculiarly the function of a special exception, as distinguished from a general exception, to have cured. We are, therefore, of the opinion that as against a general demurrer the plea of tender was sufficient.

Being of the opinion that there was no error in the action of the trial court complained of, and that the judgment should be affirmed, it is accordingly so ordered.