## MENARDVILLE INDEPENDENT SCHOOL DIST. v. MOSER.

### No. 1511.

Court of Civil Appeals of Texas. Eastland.

Jan. 24, 1936.

H. W. Toepperwein, of Menard, and Alfred Petsch, of Fredericksburg, for appellant.

T. A. Scruggs, of Menard, for appellee.

GRISSOM, Justice.

Appellee, I. F. Moser, as plaintiff below, brought this suit in which he prayed for a judgment "fixing the correct taxable values of (certain) property for the year 1934, in the aggregate of $4,500 * * * and that said board of trustees be directed to so assess said property for said year," etc. Appellee had rendered certain of his property for taxes with said district, valuing same at $4,500. After notice the board of equalization for the school district raised the value to $7,200; hence this lawsuit.

The appellee's petition alleged that he was informed by appellant's tax assessor that the property was being rendered in the district for about 60 per cent. of its actual market value; that he rendered his property at a value in excess of 60 per cent.; that appellant's "said board of equalization did pass upon the inventories of the taxable property within said district as returned for the year 1934, and attempted to equalize the values of the property so rendered"; that "said board of equalization raised (the valuation of said property) in the aggregate from $4,500 as rendered to $7,200, which valuation is far above the cash or market value thereof"; that appellee appeared before the board and entered his protest and filed a written protest with said board against the raise in the valuation of his property; that the valuation placed upon his property by the board was excessive and "is ,even above the actual cash or market value thereof on the 1st day of January, A. D. 1934, and is far above the 60 per cent. of the actual cash or market value then, and is not ·equal with the value of other like property as fixed by the board of equalization; that such value is not a fair and equal value as is contemplated by law, and that said property could not have been sold on the market for cash for the amount named"; that appellee rendered his property in question for 70 per cent. of its cash or market value, "being an increase of 10 per cent. above that as used in the assessment of other property in said district, and being considerably more than the assessed value of farm and ranch lands within said district compared to their cash or market value on the first day of

January, 1934." Appellee further alleged that the appellant's board of trustees "are now threatening to place said property on the tax rolls of said district for the year 1934, at the excessive valuation placed thereon by the said board of equalization, which if done before the final trial hereof will create a cloud on the title to said property, thereby attempting to deprive this plaintiff of his right to have his property assessed on said roll on an equal basis of other like property." Wherefore appellee prayed as above stated.

Upon a hearing the court entered judgment fixing the value of the property in question for tax purposes at the sum of $4,500 and ordered the tax assessor to place said property upon the rolls of appellant at such valuation and directed appellant's collector "to receive payment of taxes and issue proper receipts in payment of same when payment is made upon such valuation."

It will be noted that appellee's petition did not allege fraud or its equivalent, or the adoption of a fundamentally wrong principle or method, the application of which would substantially injure him. Neither does he allege that the board of equalization attempted a fixed plan or standard by which the value of the property in question was arbitrarily determined. Appellee's petition in its final analysis merely alleges an excessive valuation by appellant's board of equalization, in connection with which allegation he also alleges that the board passed upon the inventories of the taxable property "and attempted to equalize the property so rendered."

We understand the universal holding of our courts to be that a mere overvaluation by a board of equalization in an attempt to equalize the value of property rendered for taxation is not ground for interfering with the board's valuation. We are of the opinion that appellee's petition wholly failed to state a cause of action and is insufficient to sustain the judgment rendered.

"As a general rule, the decision of a board of equalization upon a particular assessment, in the absence of fraud or illegality, is conclusive. Cooley on Taxation (2d Ed.) p. 218. Such valuation cannot be set aside merely upon a showing that the same is, in fact, excessive. If the board fairly and honestly endeavors to reach a correct valuation, a mistake upon its part under such circumstances is not subject to review by the courts. Sunday Lake Iron Co. v. Wakefield Tp., 247 U.S. 350, 38 S.Ct. 495, 62 L.Ed. 1154; Druesdow v. Baker (Tex.Com.App.) 229 S.W. 493." Rowland v. City of Tyler (Tex.Com.App.) 5 S.W.(2d) 756, 760. Also, see Gonzalez v. State (Tex.Civ.App.) 81 S.W. (2d) 180; Port Arthur Ind. School Dist. et al. v. Baumer et al. (Tex.Civ.App.) 64 S.W.(2d) 412; Nederland Ind. School Dist. et al. v. Carter et al. (Tex.Civ.App.) 73 S.W.(2d) 935; Early v. City of Waco (Tex.Civ.App.) 3 S.W.(2d) 131; Lubbock Hotel Co. et al. v. Lubbock Ind. School Dist. et al. (Tex.Civ.App.) 85 S.W.(2d) 776; Rachford v. City of Port Neches (Tex.Civ.App.) 46 S.W.(2d) 1057; Allen v. Emery Ind. School Dist. (Tex.Civ.App.) 283 S.W. 674; City of Comanche v. Brightman (Tex.Civ.App.) 88 S.W.(2d) 741.

The judgment of the district court is reversed and remanded.