

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2921
Re: Constitutionality of the method
of establishing tax values used
by the Board of Equalization of
the Cayuga Independent School
District.

You have requested the opinion of this department as to the constitutionality of the procedure followed by the Board of Equalization of the Cayuga Independent School District in establishing tax values.

The procedure set out in the letter which you enclose is as follows:

"1st - Established overall value for all properties within District. (Such value might be termed arbitrary, since it was not based on current potential recovery, but on a per acre recovery established in year 1935, which has been scaled down yearly by arbitrary percentage. However, overall valuation for January 1st, 1940 unquestionably is below true and marketable value. In other words, engineering survey and valuation of remaining recovery of oil and gas would give a value in excess of valuation established by Board of Equalization after all reasonable discount factors.)

"2nd - Tabulated Gross revenue from all sources for individual properties and total for District.

"3rd - Established earning factor by dividing total District earnings into total overall District valuation.

"4th - Base valuation for individual property computed by multiplying individual property earnings times factor above established.

"5th - For all individual properties above base valuation used for assessed valuation for gas value and oil value, where all oil wells were flowing natural and producing 100 percent pipe line oil.

"6th - For individual properties having one or more oil wells making water or employing any form of artificial lift, compensating factors were used, graduating in percentage reductions for barrel earnage for the individual wells involved and their particular criticalness.

"While this may appear as a streamlined method of valuation, it permits what we think, when overall field value is established below true and market value, equitable allocation of values to respective properties, with consideration to individual wells and productivity of properties."

Section 1, of Article VIII, of the Constitution of Texas, reads in part as follows:

"Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. * * *"

Article VIII, Section 20, reads in part as follows:

"No property of any kind in this State shall ever be assessed for ad valorem taxes at a greater value than its fair cash market value nor shall any Board of Equalization of any government or political subdivision or taxing district within this State fix the value of any property for tax purposes at more than its fair cash market value; * * *"

It is a general rule that the decision of a Board of Equalization upon a particular assessment is final in the absence of a showing of fraud, illegality or the adoption of a fundamental wrong method of assessment. This rule was stated in the case of Menardville Independent School District v. Moser, 90 S.W. (2d) 578. The Court stated as follows:

"'As a general rule, the decision of a board
of equalization upon a particular assessment, in
the absence of fraud or illegality, is conclusive.
Cooley on Taxation (2d Ed.) p. 218.  Such valua-
tion cannot be set aside merely upon a showing that
the same is, in fact, excessive.  If the board fair-
ly and honestly endeavors to reach a correct valu-
ation, a mistake upon its part under such circum-
stances is not subject to review by the courts.
Sunday Lake Iron Co. v. Wakefield Tp., 247 U. S.
350, 38 S. Ct. 495, 62 L. Ed. 1154; Druesdow v.
Baker (Tex. Com. App.) 229 S·W. 493.' Rowland v.
City of Tyler (Tex. Com. App.) 5 S. W. (2d) 756,
760.  Also, see Gonzalez v. State (Tex. Civ. App.)
81 S.W. (2d) 180; Port Arthur Ind. School District,
et al. v. Baumer, et al. (Tex. Civ. App.) 64 S.W.
(2d) 412; Nederland Ind. School Dist. et al v.
Carter, et al. (Tex. Civ. App.) 73 S.W. (2d) 935;
Early v. City of Waco (Tex. Civ. App.) 3 S.W. (2d)
131; Lubbock Hotel Co. et al  v. Lubbock Ind.
School Dist. et al. (Tex. Civ. App.) 85 S.W. (2d)
776; Rachford v. City of Port Neches (Tex. Civ. App.)
46 S.W. (2d) 1057; Allen v. Emery Ind. School
Dist. (Tex. Civ. App.) 283 S.W. 674; City of Comanche
v. Brightman (Tex. Civ. App.) 88 S.W. (2d) 741."

The same rule of law was stated in the case of Neder-
land Independent School District v. Carter, 93 S.W. (2d) 487.
The Court stated as follows:

"We fully recognize the rule contended for by
the appellant that the decision of a board of
equalization upon a particular assessment, in the
absence of illegality, fraud, or something equiva-
lent thereto, is conclusive.  It is unquestionably
the settled rule in this state that the courts have
no supervisory control over boards of equalization.
State v. Mallet Land & Cattle Co. (Tex. Sup.) 88
S.W. (2d) 471, and Menardville Independent School
Dist. v. Moser (Tex. Civ. App.) 90 S.W. (2d) 578,
and authorities cited.  This court recognized and
applied such rule in the case of Port Arthur In-
dependent School District v. Baumer, 64 S.W. (2d)
412, cited by appellant.  Were this not so, valu-
ations for purposes of taxation made by the
agency created by statute would be subject to
being overturned whenever the opinion of court or
jury might differ from the opinion of the board
of equalization.  Thus the functions of such boards
even though honestly exercised, would be deprived

of finality and the courts would become mere
boards of tax review in such matters. For
that reason courts are not primarily concerned
with the matters of valuation placed by boards
of equalization.  * * *"

It is true therefore that as a general principle
the Board of equalization of an Independent School District
is to assess property for tax purposes at its fair cash
market value. This would be subject to the qualification,
however, that where the property in a district is valued at
a percentage of its actual market value, the owner of a
particular piece of property would be entitled to have same
valued at such per cent of its actual market value. An
assessment cannot be set aside unless it is shown that the
Board acted illegally or fraudulently or the equivalent
thereto or adopted a fundamentally wrong method of assess-
ment which action resulted in a discrimination against a
particular taxpayer.

The fair cash market value of a particular piece
of property is a question of fact that must be determined
by the Board of Equalization itself. In Opinion No. 0-2800
this department was considering a certain set method of
valuation of the properties of the Comanche County Electric
Cooperative Association and our opinion had been requested
as to the constitutionality of such procedure. After stating
that the value of the property in question was a fact ques-
tion this department stated as follows:

"* * * * The Legislature has vested in Boards
of Equalization, as constituted by statutes, the
sole discretion in the valuation and the equaliza-
tion of the value of property subject to taxation.
Their action is clothed with the presumption that
it has been rightly made on the basis of actual
value and courts will decline to disturb such assess-
ments  unless shown to be arbitrary and grossly
excessive or based upon a fundamentally wrong prin-
ciple or method of determining value. 40 Tex. Jur.
158, Great Northern Railway Company v. Weeks, 297
U. S. 195; 80 L. Ed. 532.

"Certainly if the courts are loath to dis-
turb the discretion of Boards of Equalization in
discharging their statutory duties of assessing
and valuing property for taxation, then, with
stronger reasons, this Department cannot proper-
ly, in advance of the exercise of such discre-
tion by the Equalization Board of Eastland County,

outline and prescribe, by the requested opinion,
any system, formula, rule or method for the con-
trol and guidance of said Board in the discharge
of its duties.  Nor can said Board be compelled
to submit to examination as to the operation of
their minds in arriving at the 'true and full value'
of the property before them."

We have considered the method of valuation which
you have submitted and we believe that such a method may
properly be considered by the Board of Equalization in de-
termining the fact question of the value of the particular
piece of property in question.  We believe, however, that
if one method is used to the exclusion of all others and
no other factors of value which might present themselves
in respect to any individual piece of property are taken
into consideration the same might possibly be taken as an
adoption of an arbitrary standard.  The idea of adopting
one plan or set method of ascertaining values was discussed
in the case of Port Arthur Independent School District v.
Baumer, 64 S.W. (2d) 412.  The Court stated there as follows:

"It is true, as contended by appellees, that
our Supreme Court has held that the adoption by
a board of equalization of a fundamentally wrong
principle or method of arriving at valuations,
the application of which substantially injures
the complainant, is ground for attacking its
judgment.  Druesdow v. Baker (Tex. Com. App.) 229
S.W. 493.  Hence the use of any particular ele-
ment of value, such as rentals produced, as the
sole standard by which to fix the value of property
is fundamentally wrong.  Rowland v. City of Tyler
(Tex. Com. App.) 5 S.W. (2d) 756.  As is also the
zoning of a taxing district and the placing of
all property in a particular zone at the same
value per acre, without regard to the character of
the land and the nature of the improvements there-
on.  Ogburn v. Ward County Irrigation District (Tex.
Com. App.) 280 S. W. 169.  But in the case before
us the facts do not bring it within the rule an-
nounced in those cases.  Here the facts show that
no one particular element of value was consider-
ed to the exclusion of all others, or that any
fixed scheme was followed, the application of which
worked injury to the complainants."

It is the opinion of this department that the method
of valuation you describe may properly be taken into consid-
eration by the Board of Equalization of the Cayuga Indepen-

dent School District in determining the fact questions of value of the property in said district. Whether a valuation arrived at by the use of the aforementioned method alone would be a correct one is something that we cannot pass on as the same would be dependent upon the facts of the particular case.

                    Yours very truly

                ATTORNEY GENERAL OF TEXAS


                By s/Billy Goldberg
                   Billy Goldberg
                        Assistant

BG:LM:wc


APPROVED MAR 7, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman