FRALEY v. CITY OF BORGER et al.
No. 6303.

Court of Civil Appeals of Texas.
Amarillo.

April 27, 1953.

Jack Alexander, Borger (W. O. Slattery, Borger, of counsel), for appellant.

Piper, Gassaway & Allen, J. W. Spivey, R. C. Marshall, all of Borger, Adkins, Folley, Adkins, McConnell & Hankins, Amarillo, for appellees.

NORTHCUTT, Justice.

This suit was brought by the City of Borger against C. H. Fraley to recover delinquent taxes for the years 1948 to 1950 inclusive and to foreclose a tax lien on the property against which the taxes had been assessed. The Borger Independent School District was impleaded as one of the defendants. The State of Texas and Hutchinson County intervened. This made all the tax authorities, State of Texas, Hutchinson County, City of Borger and the Borger Independent School District parties to this suit and each was asking for judgment for the delinquent taxes due it by C. H. Fraley. For convenience, C. H. Fraley will be referred to as defendant and the other parties to this suit will be referred to as plaintiffs. The defendant in his second amended original answer, in addition to general denial, presented two exceptions, and both were overruled. The main defenses of the defendant were set out in a first trial amendment to his second amended original answer wherein he claims he was not the owner of any of the personal property designated in that said property was not set out in compliance with the requirements of Art. 7328.1; Section 2, in that it is too vague, indefinite and uncertain to inform the defendant of the exact nature. Defendant also objected to increase of the assessed value of the property and also to the assessed value of the same being above its reasonable market value and that the valuations as assessed were arbitrary and not based on the real value of the property assessed.

A jury being waived, this case was tried to the court only. Judgment was rendered

for the plaintiffs in the aggregate sum of $5400.61 taxes, penalty, and interest upon all the described property, both real and personal, with interest at the rate of 6% per annum from date of judgment and the further sum of $544.06 court costs, said sum divided as shown by the judgment. Defendant filed his amended motion for a new trial which was denied by the court, from which order the defendant has perfected his appeal to this court.

This is an action for the collection of delinquent taxes. Art. 7329 of Vernon's Civil Statutes of the State of Texas provides:

"There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess. Acts 2nd C.S.1923, p. 36."

■ By appellant's first proposition he sought to show that he was not the owner of a house which plaintiffs had assessed taxes against as the defendant's property located on leased land in the Johnson Heights Addition. The trial court, upon sufficient evidence, found against the defendant on this point.

■ Appellant's 2nd and 3rd contention was that the court erred in rendering judgment for the taxes in bulk. The article cited by appellant is in reference to assessing property for taxation and not in reference to the judgment of the trial court. Art. 7345b, Sec. 5, of Vernon's Texas Civil Statutes provides:

"Upon the trial of said cause the Court shall hear evidence upon the reasonable fair value of the property, and shall incorporate in its judgment a finding of the reasonable fair value thereof, in bulk or in parcels, either or both, as the Court may deem proper, which reasonable fair value so found by the Court is hereafter sometimes styled

'adjudged value,' which 'adjudged value' shall be the value as of the date of the trial and shall not necessarily be the value at the time the assessment of the taxes was made; provided, that the burden of proof shall be on the owner or owners of such property in establishing the 'fair value' or adjudged value as provided in this section."

As stated in the above section of the statute, the burden was upon the appellant to establish the fair value of such property, but that he did not do.

■ Point four raised by appellant, which point asserts that the $544.06 was attorney's fees but was designated in the judgment as court costs, is not well taken, as the judgment shows otherwise and there is nothing in the record to justify such point of error. Art. 7345b, Section 6, states:

"All court costs, including costs of serving process, in any suit hereafter brought by or in behalf of any taxing units for delinquent taxes in which suits all other taxing units having a delinquent tax claim against such property of any part thereof, have been impleaded, together with all expenses of foreclosure sale and such reasonable attorney's fees as may be incurred by the interpleaded or intervening taxing units, not exceeding ten per cent (10%) of the amount sued for, such attorney's fees to be subject to the approval of the court together with such reasonable expenses as the taxing units may incur in procuring data and information as to the name, identity and location of necessary parties and in procuring necessary legal descriptions of the property, shall be chargeable as court costs."

■ By appellant's fifth proposition he complains of the court adjudging the value of the real estate at $10,050 and personalty at $10,700 making the total value of $20,-750. Appellant rendered this property in 1950 for a valuation of $19,850 and it was assessed by the tax assessor at a value of $25,850 and the Board of Equalization set

the value at $22,000 and no protest was made as to the Board's value.

As to appellant's points 6 and 7, besides the matters hereinabove discussed, Art. 7328.1, Sec. 2, states:

"Such form of petition, insofar as applicable, may be used in suits for the collection of delinquent taxes on personal property, and in any such suit, it shall be sufficient to describe such personal property in such general terms as money, notes, bonds, stocks, credits, stocks of goods, wares, merchandise, fixtures, tools, machinery, equipment, automobiles, household and kitchen furniture and fixtures, beds, dressers, rugs, stoves, heaters, refrigerators, tables, pianos, radios, pictures, trunks, linens, kitchen utensils, dishes, silverware, jewelry, or any other appropriate general description, and no other or more particular description or designation shall be required as a prerequisite to a suit to obtain a personal judgment for taxes due upon personal property so described."

We are of the opinion that appellant has neither plead nor proved such matters as would justify him to the relief sought by him in this case. The Commission of Appeals of Texas in the case of Druesdow v. Baker, 229 S.W. 493, 495, and adopted by the Supreme Court, stated:

"The decisions of the Tax Board in the matter of valuations are quasi judicial in their nature. This action is therefore a collateral attack upon the judgment of a quasi judicial tribunal. Such an attack cannot be justified in the absence of fraud, or something equivalent thereto; lack of jurisdiction; an obvious violation of the law, or the adoption of a fundamentally wrong principle or method, the application of which substantially injures complainant. No mere difference of opinion, as to the reasonableness of its valuation, when such valuations, though deemed erroneous, are the result of honest judgment, will warrant interference by the courts."

We are of the opinion that each of appellant's points of error has been answered adversely to him in Stone v. City of Dallas, 244 S.W.2d 937, 941, and the cases there cited, where the court said:

"The rule is that the decisions of taxing boards in the matter of valuations are quasi-judicial in their nature, and in the absence of fraud or other obvious violations of the law, such decisions are not subject to collateral attack; nor will such valuations be set aside merely by the showing that same are in fact excessive. If a board fairly and honestly endeavors to fix a just valuation for taxing purposes, a mistake on its part under such circumstances is not subject to review by the courts. See State v. Houser, 138 Tex. 28, 156 S.W. 2d 968, points 3 and 6, at page 970 and cases there collated. See also opinion of this court in Tekell v. City of Cleburne [Tex.Civ.App.], 176 S.W.2d 588. It is our view that appellant wholly failed to tender an issue to the effect that the taxing plan used by the City of Dallas in arriving at the value of defendant's automobile for the years for which judgment was rendered was arbitrary, discriminatory and not uniform, or that such plan violated any provision of our State or Federal Constitution, and wholly failed to show that the values placed thereon by the City were excessive, or that he had been injured by the plan used by the City of Dallas in assessing taxes. See Zachary v. City of Uvalde, Tex.Com. App., 42 S.W.2d 417; Smith v. City of Austin, Tex.Civ.App., 212 S.W.2d 947; Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282. Since appellant failed to point out wherein he had suffered any injury by virtue of the taxing plan used by the City, he cannot litigate a mere theory. See Lubbock Hotel Co. v. Lubbock Ind. School Dist., Tex.Civ.App., 85 S.W.2d 776; Druesdow v. Baker, Tex.Com. App., 229 S.W. 493; Gonzales v. State, Tex.Civ.App., 81 S.W.2d 180; Zachary v. City of Uvalde, supra; Victory v. State, 138 Tex. 285, 158 S.W.2d 760."

After a careful consideration of the pleadings, the evidence, and the authorities, we have concluded that the trial court properly disposed of this case and the judgment of the trial court should be affirmed.

Affirmed.